## CHICAGO PNEUMATIC TOOL CO. v. ARNOLD et al.

(Circuit Court of Appeals, First Circuit. April 11, 1922. On Petition for Rehearing August 5, 1922.)

### No. 1539.

1. **Fixtures ⬦⟹22—Sales ⬦⟹472(2)—Conditional sales contract must be recorded ten days after contracting; recording statute held to apply to air compressor.**

   Under St. Mass. 1912, c. 271, providing that no conditional sale of heating apparatus, plumbing goods, ranges, "or other personal property which is afterward wrought into or attached to real estate," shall be valid as against subsequent purchasers or mortgagees, unless recorded within 10 days after making of the contract, the time for recording runs from the date of the contract of purchase, and not from date of delivery.

### On Petition for Rehearing.

2. **Courts ⬦⟹366(1)—In construing state statutes, federal court will follow state court decision rendered subequent to litigated contract.**

   Where the proper construction of a state statute was not free from doubt, and the federal court adopted a construction contrary to a prior state Supreme Court decision, which was not called to the federal court's attention, on rehearing the view of the state court will be adopted, though it was rendered subsequent to the making of the litigated contract.

3. **Fixtures ⬦⟹22—Sales ⬦⟹472(2)—Air compressor attached to realty held not within conditional sale recording act.**

   St. Mass. 1912, c. 271, providing that no conditional sale of heating apparatus, plumbing goods, ranges, or other personal property which is attached to real estate shall be valid as against purchasers, etc., unless recorded within 10 days after making, does not apply to an air compressor, as it is not of the same kind and general description as the articles specifically mentioned.

Appeal from the District Court of the United States for the District of Massachusetts; George W. Anderson, Judge.

Suit in equity by the Liberty Trust Company, Trustee, against the Winnisimmet Ship Yard, Inc., in which Edmund K. Arnold and others were appointed receivers. From a decree denying its petition to intervene, the Chicago Pneumatic Tool Company appeals. Affirmed.

Joseph B. Jacobs, of Boston, Mass. (Jacobs & Jacobs, of Boston, Mass., on the brief), for appellant.

Howard W. Brown, of Boston, Mass., for appellee Liberty Trust Co.

Edmund K. Arnold, of Boston, Mass. (Peabody, Arnold, Batchelder & Luther, of Boston, Mass., on the brief), for appellees Arnold and others.

Before BINGHAM and JOHNSON, Circuit Judges, and MORRIS, District Judge.

JOHNSON, Circuit Judge. This is an appeal from a final decree of the District Court for the District of Massachusetts denying the right of the appellant to intervene in a suit in equity in said district

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

in which the Winnisimmet Ship Yard, Inc., was defendant, and receivers had been appointed. The petitioner asked to intervene to recover the unpaid balance due upon the sale of an air compressor, or in the alternative for its return.

The Winnisimmet Ship Yard, Inc., hereinafter referred to as the Shipyard, received upon July 25, 1919, a proposal in writing from the Chicago Pneumatic Tool Company, hereinafter referred to as the Company, to furnish it with an air compressor, to be set up in its yard at Chelsea in the state of Massachusetts. This proposal contained the following paragraph:

"It is understood and agreed that we retain the exclusive rights of possession to any and all machinery included in this contract until payment in full contract price is made in cash. In the event of failure of purchaser to make any and all payments as herein provided for, we may retain all partial payments in liquidation of damages, and may remove such machinery without prejudice to any other claims because of damage which may have suffered from failure on the part of purchaser to complete payment as agreed in this contract."

This proposal was accepted by the Shipyard on July 28, 1919.

The compressor was received at Chelsea in the early part of November, 1919, and placed upon a concrete base specially prepared for it in one of the buildings of the shipyard. This base extended six feet below the surface of the ground and three or four feet above it. The compressor was secured to it by bolts set to correspond with holes in the machine. Conduits and piping were installed in this foundation for electric wiring and the passage of air. After the machine was set upon the base and the bolts fastened concrete was piled up around the edges of the machine.

On February 24, 1920, a mortgage was executed by the Shipyard to the Fidelity Trust Company of all its real and personal property to secure an issue of bonds. The Liberty Trust Company, one of the appellees, is a successor in title to the Fidelity Trust Company as trustee under this mortgage.

[1] The questions raised upon this appeal are:

First. Whether the contract was one of conditional sale.

Second. If it were a conditional sale, was it recorded as required by chapter 271 of the Acts of 1912 of Massachusetts, in force at the time the contract was made?

Third. Was the air compressor so attached to or wrought into the real estate that it became a part of the same and was conveyed under the mortgage?

The Massachusetts statute then in force was as follows:

"Section 1. No conditional sale of heating apparatus, plumbing goods, ranges or other personal property which are afterward wrought into or attached to real estate shall be valid as against any mortgagee, purchaser or grantee of such real estate, unless within ten days after the making of the contract of conditional sale, such contract, or a memorandum thereof signed by both parties thereto, is recorded in the clerk's office of the city or town in which the real estate is situated."

While the language of the contract is not that usually employed in conditional sales, in which the title to property is to be retained by the

seller until the purchase price is fully paid, with the right to take possession upon default, yet it clearly conferred this right upon the seller and provided that it was to continue until the payment of the full purchase price. This made it a contract of conditional sale. It was recorded in the office of the city clerk of Chelsea on November 13, 1919.

It is contended by appellant that the words "other personal property," in the statute, should be construed to mean property of the same kind as that specifically described, and that the requirement in regard to recording does not apply, unless the property is of the same general class as that specifically described. The language employed is too broad and comprehensive to permit us to apply the rule for which the appellant contends, and we must hold that it includes all personal property that is "wrought into or attached to real estate."

It is further contended that, even if the contract was a contract of conditional sale, it was not completed until the air compressor was delivered to the appellee and that the ten days in which the record should be made would begin to run from the time of delivery; and our attention is called to the fact that the statute has since been amended, so that the ten days, as the Massachusetts law now is, does not begin to run until the personal property has been delivered upon the real estate to which it is to be attached.

It was doubtless the intention of the Legislature to protect innocent purchasers of real estate against fraudulent claims to personal property which had become attached thereto, and it would seem as if this intent would be fully served by the statute as amended. But the statute, as it was in 1912, required that in order to render a conditional sale valid as against a subsequent mortgagee, purchaser or grantee, the contract must be recorded within ten days after it was made.

The language of the statute is plain and we do not feel authorized to place a construction upon it so much at variance with its ordinary meaning as that contended for by the appellant. No decision of the Supreme Judicial Court of Massachusetts is cited which would authorize any such interpretation and the fact that the Legislature deemed it necessary to make an amendment to the statute in order to fix the date of delivery on the property, as that from which the ten days should begin to run, conclusively shows that it had not placed such a construction upon it.

It is elementary that the contract was made when the proposal of the company was accepted by the Shipyard, which was July 28, 1917, and under the statute, in order to render the right of the Company to resume possession of the air compressor valid as against a subsequent mortgagee, it was necessary that it should have been recorded within ten days after that date.

The District Court has found that the compressor had been so wrought into and attached to the real estate of the Shipyard Company that it became a part of it and passed under the mortgage. This finding is fully sustained by the evidence.

The decree of the District Court is affirmed, with costs to the appellees in this court.

On Petition for Rehearing.

[2] On March 2, 1922, prior to the handing down of our opinion in the above case, the Supreme Judicial Court of Massachusetts, in Babcock-Davis Corporation v. Paine, 134 N. E. 342, had placed a construction upon chapter 271 of the Acts of Massachusetts of 1912 which was directly opposed to that placed upon it by this court.

Although the decision of the Massachusetts court was rendered after the contract in question had been entered into and rights had accrued thereon, yet, had the decision been called to our attention, it would have been followed.

The duty of the federal courts in such cases is stated by Justice Bradley in the leading case of Burgess v. Seligman, 107 U. S. 20, 33, 2 Sup. Ct. 10, 21 (27 L. Ed. 359), as follows:

"So when contracts and transactions have been entered into, and rights have accrued thereon under a particular state of the decisions, or when there has been no decision, of the state tribunals, the federal courts properly claim the right to adopt their own interpretation of the law applicable to the case, although a different interpretation may be adopted by the state courts after such rights have accrued. But even in such cases, for the sake of harmony and to avoid confusion, the federal courts will lean towards an agreement of views with the state courts, if the question seems to them balanced with doubt."

[3] As the question of the proper construction of the statute is not one free from doubt, we adopt the construction which the Supreme Judicial Court of Massachusetts has placed upon it, which is that the words "other personal property" in the act must be construed to mean of the same kind or of the same general description as heating apparatus, plumbing goods, and ranges.

As this air compressor is not of "the same kind and general description" as the articles specifically enumerated in the statute, we reverse our former finding that the contract for its conditional sale should have been recorded in accordance with the statute.

It was also called to our attention upon reargument of the case that the purchaser of the air compressor did not have title to the real estate upon which it was placed. In view of this, and the further fact that the air compressor can be removed without injury to the real estate, we think it could not have been the intention of the purchaser, in annexing it to the real estate, that it should become a permanent part of it. The old corporation, the Winnisimmet Shipyard, Inc., could therefore convey to the new corporation, the Winnisimmet Shipyard, only the interest which it had acquired under the conditional sale, and this is all that could be conveyed by the latter in its mortgage to the Fidelity Trust Company.

Our order affirming the decree of the District Court is hereby reversed, as is also the decree of the District Court, with costs to the appellant in this court, and the case is remanded to that court for further action not inconsistent with this opinion.