GEORGE W. MUNROE *vs.* ABNER T. ARMSTRONG & another.

Norfolk.     January 9, 1901. — May 24, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Conversion,* Recoupment of damages. *Fixtures. Damages,* Remoteness.

In an action of tort for the conversion of articles of plumbing taken from an unfinished house of the plaintiff by a plumber on the failure of the contractor who employed him, it appeared that, after work upon the house had been abandoned by the contractor, the plaintiff caused the house to be completed, and that $1,500 of the contract price had not been paid by the plaintiff to the contractor. The defendant offered to show, that all the cost of plumbing work done under the plaintiff's direction after he took possession, including the replacing of the articles removed by the defendant, was paid for out of this $1,500. The evidence was excluded. The defendant contended that the plaintiff by the application of the $1,500 to the plumbing had recouped his damage from the contractor and could not recover it again. *Held,* that the evidence rightly was excluded. The $1,500 belonged to the plaintiff and not to the contractor and its application to one purpose or another was immaterial.

Where, as part of the construction of a new house, articles of plumbing are affixed to the structure by a plumber, under a contract to put in the plumbing, they become a part of the realty and cannot be removed by the plumber on the failure of the contractor who employed him.

In an action of tort for the conversion of articles of plumbing taken from a house, which is in process of erection for the purpose of letting it to tenants, the plaintiff may recover the rental value of the house during any period of delay which was caused by the acts of the defendant.

TORT for the alleged conversion of certain articles of plumbing removed by the defendants from a building in process of erection on land of the plaintiff. Writ dated October 21, 1899.

At the trial in the Superior Court, before *Bell,* J., without a jury, an auditor's report was introduced, by which it appeared that the defendants were plumbers who had made a contract with one McRae, the general contractor, to do the plumbing in the plaintiff's building. Before the building was finished McRae made an assignment for the benefit of creditors, and was subsequently adjudicated a bankrupt. After his assignment McRae did no work upon the building. The defendants, on receiving notice of the assignment, proceeded to remove such of the material put in by them as was not enclosed by any part of the woodwork, leaving such of the material as was enclosed by

walls, ceilings and floors or could not be removed without substantial injury to the building. Besides the plumbing, other items of work remained unfinished in the building, and the plaintiff gave notice in writing to the general contractor and his assignee, of his intention to enter upon and take possession of the premises and complete the building. The plaintiff then took possession, and proceeded to complete the contract, upon which $1,500 remained unpaid to the general contractor.

The defendants asked for eight rulings. The judge gave the second and refused to give the others, which were as follows:

1. This action for conversion cannot· be maintained against the defendants. They removed articles which they had placed upon the premises which were their own property and no title to the articles had passed to the plaintiff. 3. As against the plaintiff there was no conversion of the articles removed by the sub-contractors which they had taken upon the premises in pursuance of their contract with the general contractor, such removal having been made before the building passed into the control of the plaintiff and before the time fixed in the general contract for the completion of the house and before the completion of the sub-contract and the acceptance of the defendants' work. 4. The articles removed by the defendants from the building on the plaintiff's land and described in his declaration never became a part of the realty, and an action for the conversion of them cannot be maintained. 5. The defendants were justified in removing their material, the contractor having been insolvent without their knowledge when their contract was made with him, and he not having paid for any part of their work or material according to the terms of his contract with them, and the removal having been made before the building passed into the control of the owner and before the completion of their contract and the acceptance of their work and without substantial injury to the building in which their material was placed. 6. The plaintiff, by the terms of his contract for the erection and completion of the house, stands in the place of the contractor in the event of the latter's failure to finish the work, and until the completion of the house the plaintiff has no greater rights than the contractor against these defendants. 7. No damages, accruing after the time of the alleged trespass complained of, can be assessed

against the defendants, and loss of rent occurring after the time of the alleged trespass cannot be proved as damages against the defendants. 8. Upon the whole evidence the plaintiff is not entitled to recover.

The judge ruled that the acts of the defendants in removing the plumbing were wrongful and that the plaintiff was entitled to recover, and assessed damages against the defendants in the sum of $262, with interest from the date of the writ. The defendants alleged exceptions.

*J. E. Kelley,* for the defendants.

*A. W. Putnam,* for the plaintiff.

BARKER, J. The plaintiff let the erection of a house upon his land to a contractor who became insolvent and did not complete the house. The defendants were engaged to do the plumbing, by the contractor, and at the time of his failure had put much of the plumbing in place, and had in the house the material for its completion. Thereafter, against the plaintiff's objection they took out from the house their material which had not been attached, and much of the plumbing which had been set, leaving only that part of it which was enclosed by the walls, ceilings and floors of the house and could not be removed without substantial injury to the building.

The suit was referred to an auditor, and after the coming in of his report was heard by a justice who found for the plaintiff, assessing damages in the sum of $262 with interest. The case is here upon the defendants' exceptions to the exclusion of evidence and to rulings given and refused.

It appeared that the plaintiff caused the house to be completed after work upon it was abandoned by the contractor, and that $1,500 of the contract price had not been paid by the plaintiff to the contractor. The defendants offered to show that all the expenses of plumbing work done under the plaintiff's direction after he took possession, including the replacing of articles removed by the defendants, were paid out of the $1,500. The exception to the exclusion of evidence was to the exclusion of this offer, the court ruling that the evidence was immaterial.

In support of the exception the defendants contend that if the cost of replacing the articles wrongly removed was paid

out of the $1,500 it was in effect a recoupment by the plaintiff of the expense of completing the plumbing, and so the pursuit by him of another remedy than that in tort against the defendants to the full satisfaction of his claim, and a bar to this action.

There is no merit in the contention. The $1,500 was not the property of the contractor or of his sub-contractors. Its application for one purpose or another was immaterial to the action and the evidence was rejected properly.

The court ruled in favor of the defendants that the delivery of material upon the premises by the defendants did not pass the title in it to the plaintiff, but ruled, against the defendants' contention that the articles of plumbing became part of the realty as soon as they were affixed to the house.

These questions are raised by the exceptions as to rulings given and refused.

The first is whether the articles of plumbing became part of the realty, and so property of the plaintiff as soon as they were affixed to the house. There was but one inference from the evidence, and it was a necessary one, that when as part of the construction of a new house articles of plumbing were affixed to the structure by a plumber under a contract to put in the plumbing, it was the intention of all parties to the transaction that they should become a part of the realty as they should be affixed permanently to the structure.

The second is that the defendants had a right to remove the plumbing because of the failure of the contractor. But no reservation of any such right by the defendants is shown. Even if the contractor had been the owner of the land, no such right would have existed. Whether the contractor was insolvent when he hired the defendants was a question of fact upon which there is no finding in their favor; but whether it were so or not nothing is shown to justify a contention that plumbing set in a house under construction by one who had agreed to do that part of the work of building could be removed by the plumber upon failure of the owner or contractor to pay for the work.

The other question is as to the measure of damages. There was evidence tending to show that the house was erected to be let to tenants, and that it was to be ready for occupancy on

August first and was not in fact ready until September first. The presiding judge ruled that the plaintiff could recover for the rental value of the house for such period as its occupancy was delayed by the acts of the defendants.

The defendants contend that because other items of the work than the plumbing remained unfinished the loss of rent was not caused solely by their act in removing the plumbing, but by delay in other work consequent upon the failure of the employer, and so cannot be recovered of them. The answer is that this was a question of fact with which we have no concern. The ruling was merely that the defendants were answerable for delay caused by their acts. The injury for which allowance in damages was made under the ruling was a natural and direct consequence of the defendants' acts.

Upon this branch of the case the defendants' brief assumes that a ruling was given which the bill of exceptions says was refused, and also that a ruling was given of which the bill contains no statement. We do not know from the bill how the court proceeded in assessing damages, except as indicated in the ruling that the plaintiff could recover for damage to wood work and for delaying the occupancy of the house by tenants. These items taken together at the amounts claimed by the plaintiff were much more than the finding and it must be assumed that in making his assessment the presiding judge proceeded according to law the contrary not being shown.

*Exceptions overruled.*