## MICHAEL F. D'ARCY *vs.* ANNIE MOOSHKIN.

Suffolk.    March 4, 1903. — May 22, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Practice, Civil*, Exceptions.    *Deed*, Validity.    *Attachment*, Of real estate.

Where a party to an action asks for certain instructions which are refused, and at the close of the charge asks generally to have his rights saved, to which the judge assents, this leaves open to him on exceptions only the refusals to instruct as requested, no exception lying to a charge as a whole.

Under R. L. c. 127, § 4, an attachment of real estate takes precedence of an unrecorded deed of which the attaching creditor had no knowledge.

A deed given for a valuable consideration for the purpose among others of hindering and defrauding creditors may be avoided by an attaching creditor.

WRIT OF ENTRY, dated February 13, 1899, under Pub. Sts. c. 161, §§ 66, 67, 128, for certain real estate numbered 73 on Allen Street in Boston, attached by the demandant in an action against Morris and Bernard Silberstein, the Silbersteins having conveyed the premises through their respective wives to the tenant who was the mother-in-law of one of them.

At the trial in the Superior Court before *Sherman*, J., the jury returned a verdict for the demandant; and the tenant alleged exceptions.

*C. H. Stebbins*, for the tenant.

*A. Bon*, (*J. C. Sharkey* with him,) for the demandant.

KNOWLTON, C. J. The question in this case is whether the title of the demandant, founded on his attachment of the property on a writ against Morris Silberstein and Bernard Silberstein, while it stood in the name of the tenant, is good as against the tenant and her grantees. It was attached as having been conveyed to her in fraud of the creditors of the defendants in that suit. Previously it had stood in the names of the wives of the defendants, and the evidence tended strongly to show that their title was fraudulent as against their husbands' creditors. They made the conveyance to the tenant, who was the mother of one of them, and it was undisputed that previously she had no property and that she paid nothing for this estate. While it stood in her name the demandant made his attachment on a writ through which he subsequently obtained judgment.

The questions raised by this bill of exceptions grow out of the fact that, before the demandant made the attachment, the tenant had conveyed the property, subject to prior incumbrances, by a deed absolute in form, to Nash and Pinkham, who were interested as creditors of the Silbersteins. This deed was not recorded until a considerable time after the attachment. On the question whether the demandant knew of this deed at the time of the attachment, the testimony was contradictory. There was evidence tending to show that this deed was given for a valuable consideration. On the other hand, there was evidence which would warrant the jury in finding that one of the purposes of it was to hinder, delay and defraud the creditors of Morris Silberstein and Bernard Silberstein.

The tenant made certain requests for instructions, and ex-

cepted to the refusal of the court to give them. After the charge the tenant's counsel said that he wished to have his rights saved, to which the judge replied, "Certainly"; but he made no objection and took no exception to any part of the charge. An exception to the charge as a whole could not be taken in this way, and the only exceptions before us are to the refusal to instruct as requested. *McMahon* v. *O'Connor*, 137 Mass. 216. *Hunting* v. *Downer*, 151 Mass. 275.

The first request was to order a verdict for the tenant. Plainly this could not be granted.

The second was "That if at the time of the attachment the premises had already been conveyed to Nash and Pinkham for a valuable consideration, the verdict should be for the tenant." This instruction could not be given for two reasons : First, the jury might find that the demandant, at the time of the attachment, had no knowledge of this unrecorded deed, and in that case the attachment would take precedence of it, even if it were given for a valuable consideration, without fraud. R. L. c. 127, § 4. Secondly, even if it were given for a valuable consideration, the jury might find that one of the purposes of the parties to it was to hinder, delay and defraud the creditors of the Silbersteins, and in that case the deed would be invalid as against the attachment. *Lynde* v. *McGregor*, 13 Allen, 172, 181. *Crowninshield* v. *Kittridge*, 7 Met. 520.

The third request, "That an agreement by Nash and Pinkham to finish the building and hold the premises for the benefit of the creditors is a valuable consideration," although not given in express terms, was presented to the jury as an assumption of fact in the charge, and they were instructed that if the conveyance was made in pursuance of a plan by which Nash and Pinkham "were to go on and finish the building, and such a plan as Mr. Pinkham testifies to, as Nash and Pinkham testifies to, if you believe that was the nature of the arrangement, then the demandant has no case here." The tenant had all the advantage that could have been derived from giving the instruction in express terms.

The fourth request, "That if D'Arcy had already been told before he made the attachment that the premises had been conveyed to Nash and Pinkham, the verdict should be for the ten-

ant," ignores the fact that this conveyance may have been fraudulent.

The bill of exceptions does not indicate that the attention of the judge was directed to the contention which the tenant now makes in reference to the possibility that, if the conveyance to the tenant was fraudulent, the fraud was purged by a subsequent conveyance to Nash and Pinkham for the benefit of the general creditors. The case was submitted to the jury upon a theory, which seems to have been well supported by evidence, that the conveyance to the tenant and her conveyance to Nash and Pinkham were parts of one scheme and were both for the same purpose. It seems probable that the findings of the jury under the instructions, were such as left the tenant no right to a verdict in any aspect of the case not inconsistent with the findings. However that may be, there was no error in refusing the instructions requested.

*Exceptions overruled.*