ALBERT H. STONE, trustee in bankruptcy, *vs.* SOLOMON H. LIVINGSTON.

Worcester.    October 5, 1915. — November 22, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Real or Personal Property.    Fixtures.*

In an action by the trustee in bankruptcy of one of two former partners, who as a firm had owned and operated certain worsted mills, against a mortgagee who had foreclosed a real estate mortgage made by the partners of the mill buildings and all the machinery therein, for the alleged conversion of the machinery on the ground that it was personal property and therefore that the title to it did not pass by the mortgage, where it appeared that the machines claimed by the plaintiff were not designed especially for use upon the premises, were not peculiar in their pattern, were easily removable without injury to themselves or to the structure in which they were placed, were adapted equally for use in any other worsted mill, were purchased and sold from stock, were in large part held by the mortgagors upon a title by conditional sale, and were put into the mill before the execution of the mortgage, and where it did not appear that the defendant as mortgagee had knowledge of the quality of the mortgagors' title, and as between the bankrupt and his partner the machinery had been treated as personal property when upon the dissolution of the firm such partner sold to the bankrupt by a bill of sale "all the machinery" and at the same time gave a deed of all his interest in the real estate, it was *held*, that whether the machinery was personal property or real estate was a question of fact which it was proper to submit to the jury under adequate instructions.

PIERCE, J.    The plaintiff, as trustee in bankruptcy of Dennis D. O'Connell, sues the defendant in tort for the conversion of forty-nine looms and the dressing, or preparatory weaving, dyeing and finishing machinery contained in the mill of O'Connell on July 30, 1913, the day he was duly adjudicated bankrupt. On August 7, 1913, the defendant, in foreclosure of a real estate mortgage given him by O'Connell on January 8, 1913, duly sold the estate and property definitely described therein, as also the property alleged to have been converted by the sale, under the claim that it was to be treated as real estate and as such was included, though not specifically mentioned, in the mortgage.

The estate described in the mortgage was purchased in 1900 by George J. Daniels and the bankrupt Dennis D. O'Connell, and thereafter was held by them as copartners until the dissolu-

tion of the firm in 1903, at which time O'Connell acquired the entire firm title. The description of the estate and property conveyed was identical in its terms to that thereafter used in the deed of Daniels to O'Connell and in the mortgage deed of O'Connell to the defendant Solomon H. Livingstone, dated January 8, 1913, and read as follows: "That certain tract or parcel of land with the buildings thereon and all the privileges and appurtenances thereto belonging situated . . . and including with the real estate hereby conveyed and as a part thereof the engine, fixed shafting, dynamo, main belt, pump, electric-light wiring, thermostats and sprinklers now on and attached to the premises, including steam piping." The fact that the articles enumerated in the schedule following the description of the land included all property at the time of the conveyance upon the premises not in its nature realty, and the further fact that there was no machinery there for a worsted mill, leads to the conclusion that the purpose of the deeds was not to exclude a grantee's possible claim that the effect of the conveyance was to transfer the title to other property, but on the contrary was intended to remove from the realm of discussion the articles scheduled and to place them within the conveyance. Following the purchase of the plant the firm acquired by bill of sale a conditional title to and possession of thirty-two second hand looms not made especially for the business of the firm but such as are usually carried in stock.

These machines, each weighing from twenty-eight hundred to three thousand pounds, were fastened to the floor by lag screws to keep them stationary and to prevent them from wabbling "all over the floor." Lag screws are six, eight or ten inches long, one quarter of an inch to two inches in diameter, and are like ordinary screws with the exception of the head, which is made of wrought iron. The looms and other machinery in controversy could be removed without any damage to themselves or to the building in which they were contained. The looms and other machinery were necessary to the conduct of a worsted mill, but were just as suitable for use in any other mill as in the firm's mill.

Much of the machinery other than the looms was as heavy, or heavier, than the looms, was attached in like manner to the floor, and the firm's right thereto was acquired by conditional sale.

On January 29, 1903, Daniels, in addition to his deed of the real

estate, sold to O'Connell by bill of sale, "all the machinery and stock raw and wrought and in process — all finished goods and all personal property of every kind and description to which I have any title by virtue of the partnership." Between January 29, 1903, and January 8, 1913, O'Connell purchased new machinery in replacement of the old, to some extent, as also sixteen new looms, ten of which were held under such rights as are conferred upon a grantee by a conditional sale. At the execution of the mortgage to the defendant at least twenty of the forty-nine looms in the mill were subject to the terms and conditions of conditional sale, as was also an undefined portion of the other machinery. None of the machinery was put into the mill after the execution of the mortgage deed to the defendant. Whether the defendant had or had not knowledge of the conditional nature of his mortgagor's interest in the machines does not appear.

At the close of the evidence the plaintiff contended that the court ought to rule, as matter of law, that the machinery in controversy did not pass by the mortgage, and that a verdict should be directed for the plaintiff for $4,400 [the agreed value of the property in controversy] with interest from July 18, 1913, the date of the entry to foreclose. The defendant contended that the court should rule as matter of law that the machinery in controversy was real estate and that a verdict should be directed for the defendant.

The presiding judge * gave to the jury full and accurate instructions defining the nature of real and personal property, to which no exceptions were taken. He then submitted to the jury this question: "Was the machinery in question real estate or personal property?" to which the jury made answer, "Personal property."

Thereupon the judge directed a verdict for the plaintiff for $4,400 and interest, and reported the case to this court; judgment "to be entered upon the verdict, or for the defendant, or a new trial ordered as the case requires."

It is·clear that the decisions fall into some one of three classes:

1. Those where the chattel has been so affixed that its identity is lost, or so annexed that it cannot be removed without material

---

* *Chase*, J.

injury to the real estate or to itself.  *Peirce* v. *Goddard,* 22 Pick.
559.

2.  Those articles which are manifestly furniture as distinguished
from improvements.  *Southbridge Savings Bank* v. *Mason,* 147
Mass. 500, 505.  *Hook* v. *Bolton,* 199 Mass. 244, 247.

As regards these two classes the facts rebut all other evidence
of intention to the contrary.

3.  Those cases where intention is the controlling fact and where
such fact is to be determined upon consideration of all the cir-
cumstances, including therein the adaptation to the end sought to
be accomplished and the means, form and degree of annexation.
"It is an intention which settles, not merely his own rights, but
the rights of others who have or who may acquire interests in
the property.  They cannot know his secret purpose; and their
rights depend, not upon that, but upon the inferences to be drawn
from what is external and visible.  In cases of this kind every fact
and circumstance should be considered which tends to show
what intention, in reference to the relation of the machine to the
real estate, is properly imputable to him who put it in position."
*Hopewell Mills* v. *Taunton Savings Bank,* 150 Mass. 519, 522.

In the case at bar it properly could not have been ruled that the
machines had been so affixed to the real estate or to other chattels
which were to be treated as real estate (*Hopewell Mills* v. *Taunton
Savings Bank, supra,*) that they had lost their identity or had
become incapable of removal without material injury to them-
selves or to the building to which they were attached.  Nor could
it have been ruled that they were not to be treated as real estate
but were chattels.  In view of the undisputed fact that the ma-
chines were not especially designed for use upon the premises,
were not peculiar in their pattern, were easily removable without
injury to themselves or to the structure in which they were placed,
were equally adapted for use in any other worsted mill, were
purchased and sold from stock, were in large part held by the
mortgagors upon a conditional sale title, were put into the mill
before the execution of the mortgage to the defendant; in view
also of the fact of the silence of the record upon the matter of the
mortgagee's knowledge or ignorance of the quality of his mort-
gagors' title, and of the further fact that as between the members
of the firm the machinery was treated as chattels when, upon the

dissolution of the firm, Daniels sold to O'Connell by bill of sale "all the machinery" and at the same time gave a deed of all his interest in the real estate, and, upon all the reported testimony, we are of opinion that a question of fact was presented and that it was properly submitted to the jury. *Maguire* v. *Park,* 140 Mass. 21. *Carpenter* v. *Walker,* 140 Mass. 416, 420. *Smith* v. *Bay State Savings Bank,* 202 Mass. 482.

We find no error in the admission or rejection of testimony prejudicial to the defendant.

In accordance with the terms of the report judgment is to be entered upon the verdict.

*So ordered.*

*W. Thayer,* (*F. A. Walker* & *J. F. Humes* with him,) for the plaintiff.

*G. S. Taft,* for the defendant.