BABCOCK DAVIS CORPORATION *vs.* ROBERT TREAT PAINE & others, trustees.

Suffolk.    November 14, 1921. — March 1, 1922.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Sale*, Conditional.   *Real or Personal Property*.   *Statute*, Construction.   *Words*,. "Other personal property."

The provisions of St. 1912, c. 271, that "No conditional sale of heating apparatus, plumbing goods, ranges or other personal property which are afterwards wrought into or attached to real estate shall be valid as against any mortgagee, purchaser or grantee of such real estate, unless within ten days after the making of the contract of conditional sale, such contract, or a memorandum thereof signed by both parties thereto, is recorded in the clerk's office of the city or town in which the real estate is situated," applied only to heating apparatus, plumbing goods, ranges, or other personal property *ejusdem generis,* and did not include within these terms iron staircases which were the sole stairways in a six-story building and which could be removed and replaced ,by other staircases.

*Whether*, after goods of the nature described in St. 1912, c. 271 (see now G. L. c. 184, § 13), had been conveyed to the owner of a building by a contract of conditional sale, immediately recorded, and had been wrought into the building and the building had been sold, the vendor of the goods, upon the contract of

conditional sale not being performed, can maintain against the new owner an action of tort for conversion of the goods after demand upon and refusal by the new owner of the building to deliver them to him, was not determined.

TORT for the alleged conversion by the defendants of three flights of iron staircases, which the plaintiff on March 2, 1916, had sold to the then owner of property numbered 41–55 Beach Street in Boston by a conditional sale, recorded on March 6, 1916, and which had been wrought into the building before the defendants had purchased it on March 20, 1917. Writ dated October 9, 1919.

In the Superior Court, the action was heard by *McLaughlin, J.,* without a jury, upon an agreed statement of facts. Material evidence is described in the opinion. At the close of the evidence, the judge ruled as a matter of law that the plaintiff was not entitled to recover, found for the defendants and reported the action to this court for determination, judgment to be entered for the defendants if the ruling was right; if the ruling was wrong and if upon the agreed facts the plaintiff as a matter of law was entitled to recover, judgment was to be entered for the plaintiff in the sum of $1,200 with interest from March 28, 1917; if the ruling was wrong and if the plaintiff was not entitled to judgment as a matter of law, then the action was to stand for trial.

*E. Field,* for the plaintiff.

*C. F. French,* for the defendants.

CARROLL, J. On March 2, 1916, the plaintiff made a written contract with Werby and Davis, the owners of certain real estate in Boston, whereby the plaintiff was to deliver and install certain iron staircases in the building then in process of construction on the premises. The agreement provided that the "materials, goods, and chattels shall remain the property of said Babcock Davis Corporation until fully paid for in cash" and "shall remain personal property no matter how the same may be affixed to any real estate until the same is fully paid for in cash." On March 6, 1916, the contract was recorded in the office of the city clerk of Boston. Part of the front staircases were delivered before the agreement was signed. The remainder of the front staircases and all of the rear staircases were delivered and wrought into the building after the contract was signed. The value of the staircases delivered and installed after March 2 was $1,708. According to

the statement of agreed facts, these staircases are the sole stairways in the six story building, and can be removed and replaced by other staircases.

On March 20, 1917, when the defendants took title to and possession of said real estate, the staircases were wrought into the building, and payment had not been made to the plaintiff, except a partial payment of $1,300 by Werby and Davis. On March 28, 1917, the plaintiff made demand on the defendants for the redelivery of the staircases because of default in payment for the same under the conditional sale agreement. The action is in tort for the conversion of the property. In the Superior Court the trial judge ruled that the plaintiff could not recover and reported the case to this court.

St. 1912, c. 271, which was in force at the time in question (see now G. L. c. 184, § 13; St. 1920, c. 2), provided that "No conditional sale of heating apparatus, plumbing goods, ranges or other personal property which are afterwards wrought into or attached to real estate shall be valid as against any mortgagee, purchaser or grantee of such real estate, unless within ten days after the making of the contract of conditional sale, such contract, or a memorandum thereof signed by both parties thereto, is recorded in the clerk's office of the city or town in which the real estate is situated."

It is conceded by the plaintiff that prior to the enactment of this statute, the staircases would have become a part of the realty. *Stone* v. *Livingston*, 222 Mass. 192. *Clary* v. *Owen*, 15 Gray, 522. *Richardson* v. *Copeland*, 6 Gray, 536. *Peirce* v. *Goddard*, 22 Pick. 559.

In *Nickels* v. *Scholl*, 228 Mass. 205, it was decided that a suit in equity by the owner of real estate could not be maintained to restrain the removal of plumbing materials and heating apparatus by the seller, under a conditional sale agreement duly recorded, when the materials were attached to the building in such a manner that they could be removed without substantial injury to the real estate, and where they could have been found to be personal property. The plaintiff contends that under St. 1912, c. 271, it has the right to remove the staircases and that the defendants' refusal to deliver them upon demand is a conversion of its personal property. As we construe the statute, it has no

application to stairways or to other materials except those specially mentioned in the statute or such as are *ejusdem generis.* The Legislature did not intend by this statute to give the seller by a conditional sale of every article of personal property which enters into the construction of a building, the right to remove it, against a subsequent purchaser of the premises. By its terms the statute is limited to heating apparatus, plumbing goods, ranges, and the words "other personal property" must be construed to mean, property of the same kind or of the same general description. Its purpose was not to give the owner of all kinds of personal property delivered under such an agreement the right of removal. It was limited to personal property of the same character and description as the articles specially mentioned, for, if the general words "or other personal property," could be construed in an unrestricted sense embracing the various materials unfinished or manufactured which enter into the construction of a building, no enumeration would have been made of the particular articles. For applications of this rule see *Wall* v. *Platt,* 169 Mass. 398, 406; *Commonwealth* v. *Dejardin,* 126 Mass. 46, 47; *Brailey* v. *Southborough,* 6 Cush. 141.

We do not think it necessary to consider the right of a seller under a conditional sale agréement duly recorded, St. 1912, c. 271, in respect of the owner of the real estate to remove from a building articles of the kind mentioned in the statute, when they have been wrought into the structure and are a part of the freehold and are no longer personal property. It is sufficient for the decision of this case, to decide that the statute has no application to personal property other than heating apparatus, plumbing goods, ranges and material of the same description. As the ruling of the Superior Court was correct for the reasons stated, we do not discuss the right of the plaintiff to recover in this form of action.

In accordance with the report judgment is to be entered for the defendants.

*So ordered.*