AUTOMATIC SPRINKLER CORPORATION OF AMERICA *vs.* RUTH ROSEN & others.

Suffolk.     January 13, 14, 1927.— May 17, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Sale*, Conditional.  *Sprinkler System.  Real and Personal Property.  Notice.  Equity Pleading and Practice*, Finding by judge, Report.

Where goods of the description set out in G. L. c. 184, § 13, are delivered at real estate from time to time, the notice required by that section must be recorded within ten days after the first delivery of the goods.

Rights alleged to have accrued under G. L. c. 184, § 13, cannot be enforced as a defence in a suit in equity if the record does not show the time of the first delivery of the goods in question.

In a suit in equity to enjoin the defendant from preventing the plaintiff's removing a sprinkler system installed by him in a building of the defendant, where an issue was, whether the sprinkler system, installed under a contract of conditional sale which provided that it should be "construed to be personal property," was, after default by the vendee, to be treated as personal property as between the vendor and one who succeeded to the title of the vendee in the real estate, the judge found the material physical facts, and then continued in these words: "Upon the foregoing facts I found and ruled that the plaintiff is not entitled to maintain its bill. . . ."  *Held,* that

(1) The finding meant that, so far as it was a question of fact whether the sprinkler system was personal property, that question was decided against the plaintiff;

(2) It could not have been ruled as a matter of law that the property had lost its identity as chattels and had become a part of the real estate, nor could it have been ruled that it remained personal property.

BILL IN EQUITY, filed in the Superior Court on June 28, 1926, against Ruth Rosen, Samuel Rosen, William Barton, George Richmond and the city of Boston to establish the right of the plaintiff to remove and take possession of a sprinkler system installed by it on the premises numbered 876–884

Harrison Avenue in Boston, and to enjoin the defendants from preventing its removal.

In the Superior Court, the suit was heard by *Morton*, J. Material evidence and findings by the trial judge are described in the opinion. The judge ordered that the bill be dismissed and, under G. L. c. 214, § 31, reported the suit to this court for determination.

G. L. c. 184, § 13, reads as follows:

"No conditional sale of heating apparatus, plumbing goods, ranges or other articles of personal property, which are afterward wrought into or attached to real estate, whether they are fixtures at common law or not, shall be valid as against any mortgagee, purchaser or grantee of such real estate, unless not later than ten days after the delivery thereon of such personal property a notice such as is herein prescribed is recorded in the registry of deeds for the county or district where the real estate lies. The notice shall be signed by the vendor or a person claiming under him and shall contain the names of the contracting parties, the name of the record owner of the real estate at the time of recording the notice, the fact that it is agreed that title to such personal property shall remain in the vendor until the purchase price is paid, the terms of payment and the amount of such purchase price remaining unpaid, and descriptions, sufficiently accurate for identification, of such real estate and the personal property delivered or to be delivered thereon. If the sale is of several articles for a lump sum greater than the value of the personal property delivered or to be delivered on the real estate, the notice shall also state such lump sum and such value. The notice shall be indexed under the name of such record owner, and a release of title in any such article of personal property may be recorded at any time."

*M. C. Taylor*, for the plaintiff.

*A. S. Allen*, for the defendants.

CROSBY, J. It is sought in this bill in equity to have the defendants enjoined from preventing the removal of a sprinkler system installed in a building by the plaintiff. At the trial the allegations of the bill were either proved or admitted; the trial judge ruled that the bill could not be

maintained and ordered that a final decree be entered dismissing it.   He reported the case to this court under G. L. c. 214, § 31.

The material facts are that in May, 1925, one Draffone and his wife were record owners of the premises in question; that on May 14, 1925, they entered into a written contract for conditional sale by the plaintiff to them of the sprinkler system which was to be installed in the building; that on May 28, 1925, notice of the contract was recorded in the Suffolk registry of deeds in accordance with G. L. c. 184, § 13; that on May 21, 1925, the Draffones executed to one Shain a mortgage of the premises, which was duly recorded in the registry of deeds on the same day but was not recorded elsewhere; that Shain had no knowledge of the plaintiff's contract except such as might be inferred from the recording of the notice; that afterwards the defendant Samuel Rosen became the record owner of the premises, the beneficial ownership therein being in one Richmond and one Levowich, neither of whom learned until December 25, 1925, that the sprinkler system had not been paid for.   The conditional sale contract contained the following provision:  "We retain title to the materials and equipment until payment in full therefor, with the right in case of any default on your part to enter the premises, turn off the water and remove said equipment or any part thereof, whether or not attached to the realty (for which purpose the material and equipment, however attached, is and shall at all times be, and be construed to be personal property, and as such wholly severable without material injury to the freehold) . . . ."   In the mortgage it was recited: "This conveyance includes all stoves, ranges, furnaces, radiators, plumbing-goods, gas and electric fixtures, shades, screens, pipes, boilers, tanks, screen-doors, awnings and storm doors and windows, which are now or may hereafter be on, wrought into or affixed to said premises and the grantor covenants that none of said fixtures or appurtenances have been or shall hereafter be purchased upon a contract of conditional sale."   The sprinkler system not having been paid for, the plaintiff undertook to take

possession of it, but the defendants, who were then in possession of the premises, refused to allow it to be removed.

If it be assumed that the sprinkler system is within the phrase "plumbing goods" as used in G. L. c. 184, § 13, or is *ejusdem generis* and comes within the words "or other personal property" as construed in *Babcock Davis Corp.* v. *Paine,* 240 Mass. 438, 441, and *J. H. Gerlach Co. Inc.* v. *Noyes,* 241 Mass. 69, 73, the question remains, whether notice of the contract of conditional sale was seasonably recorded against the holder of the Shain mortgage and those claiming thereunder.   The statute provides that the conditional sale shall not "be valid as against any mortgagee, purchaser or grantee of such real estate, unless not later than ten days after the delivery thereon of such personal property a notice such as is herein prescribed is recorded in the registry of deeds for the county or district where the real estate lies."

The contract under which the plaintiff claims was made May 14, 1925, and notice recorded May 28, 1925; the bill alleges that the work under it was practically completed on August 3, 1925.   It does not appear when the first "delivery" of personal property under the contract was made.   We construe the statute to mean that the notice must be recorded within ten days after the first delivery of goods on the real estate, where goods are delivered from time to time. The record fails to show that the notice was recorded within ten days after the first delivery.   The mortgage was duly recorded on May 21, 1925.   At that time the mortgagee had no knowledge of the plaintiff's contract and was not bound thereby.   The case is governed by *Clary* v. *Owen,* 15 Gray, 522, and the rule there stated should be followed, notwithstanding the statute.

It is the contention of the plaintiff that, if the statute is not applicable in view of the findings of the trial judge, the sprinkler system at common law was removable in accordance with the rule stated in *Wall* v. *Hinds,* 4 Gray, 256, 272, *Hubbell* v. *East Cambridge Five Cents Savings Bank,* 132 Mass. 447, *Maguire* v. *Park,* 140 Mass. 21, and *Stone* v. *Livingston,* 222 Mass. 192, 195, and similar cases.

The judge found the material physical facts, and then

continued in these words: "Upon the foregoing facts I found and ruled that the plaintiff is not entitled to maintain its bill . . . ." This finding means that so far as it was a question of fact, whether the sprinkler system was personal property, that question is decided against the plaintiff. Generally it is a mixed question of law and fact whether articles of personal property which can be moved and used elsewhere have become so affixed to the building as to be a part of the real estate. It could not have been ruled as matter of law that the property had lost its identity as chattels and had become a part of the real estate, nor could it have been ruled that it remained personal property. *Stone* v. *Livingston, supra. Henry N. Clark Co.* v. *Skelton,* 208 Mass. 284, 286. *Vaudeville Electric Cinema, Ltd.* v. *Muriset,* [1923] 2 Ch. 74.

*Nickels* v. *Scholl,* 228 Mass. 205, correctly construed, is not an authority in favor of the plaintiff's contention either under the statute or at common law.

In accordance with the terms of the report, a final decree dismissing the bill is to be entered.

*Ordered accordingly.*