## AMERICAN SODA FOUNTAIN CO. v. PARSONS.

### In re SAVAGE et al.

Circuit Court of Appeals, First Circuit.
May 21, 1929.

No. 2333.

Murray F. Hall of Boston, Mass. (Goodwin, Procter & Hoar, of Boston, Mass., on the brief), for appellant.

Joseph T. Bartlett, of Greenfield, Mass. (Stoddard, Ball & Bartlett, of Greenfield, Mass., on the brief), for appellee.

Before BINGHAM and ANDERSON, Circuit Judges, and HALE, District Judge.

HALE, District Judge. This case is before us on appeal from the decree of the United States District Court of Massachusetts of December 17, 1928, affirming an order of the referee in bankruptcy, dated September 12, 1928, dismissing the appellant's petition for reclamation of a soda fountain sold to the bankrupts under the terms of a conditional sale agreement dated March 16, 1927. At the time of adjudication, the bankrupts were in default in payments under the contract. No notice of the conditional sale was recorded, under the provisions of the Massachusetts statute, General Laws, c. 184, § 13.

The assignment of errors complains that the District Court erred in holding that the soda fountain sought to be reclaimed comes within the meaning of the words, "other articles of personal property," as used in the Massachusetts statute in question; in finding that the property was "wrought into or attached to real estate"; and in holding that the provisions of section 13 of the statute in question required the conditional sale to be recorded; in holding that title to the soda fountain and apparatus passed by reason of the petitioner's failure to record the conditional sale, and by reason of the bankruptcy of the purchasers, to the trustee in bankruptcy. It is charged that the order of the District Court, denying the petition for reclamation, was against the weight of the evidence.

Chapter 184 of the General Laws of Massachusetts, entitled, "General Provisions Relative to Real Property," provides:

"No conditional sale of heating apparatus, plumbing goods, ranges or other articles of personal property, which are afterward wrought into or attached to real estate, whether they are fixtures. at common law or not, shall be valid as against any mortgagee, purchaser or grantee of such real estate, unless not later than ten days after the delivery thereof of such personal property a notice. such as is herein prescribed is recorded in the registry of deeds for the county or district where the real estate lies." Section 13.

The property sought to be reclaimed is found by the referee in bankruptcy to consist of:

"A soda fountain standing upon legs which rest upon the floor, enclosed within a marble base which rests upon the floor, pipes running through not more than four holes in the floor, and connecting with pipes in the building; these pipes comprehend a waste pipe leading from the cold closets, a waste pipe leading from the sink, a cold water inlet, a hot water inlet, a pipe leading from the tumbler washer, a pipe leading from the dishes vat, two small pipes leading to draft arms and two copper pipes leading to the fountain from the frigid air compressor, and a frigid air compressor.

"The total weight of the soda fountain crated is approximately 2,000 pounds; uncrated, the weight is much less.

"The fountain is cooled by the frigid air compressor; chipped ice is used in compounding drinks. The frigid air compressor contains sulphur dioxide which, being pumped into the soda fountain unit, expands and absorbs the heat units in the ice cream and water and in turn cools the fountain.

"In the fountain are two frigid air coils or cooling units, one containing about 15 feet of pipe and the other about 12 feet.

"There are also two coolers, one containing 52 feet of pipe and the other 44 feet, in

coils resting in cold water baths. The cold water coming in contact with the frigid air coil forms ice about the frigid air coil which chills the water contained in the coolers. In the ice cream unit there is a calcium chloride solution around the frigid air coil."

The petitioner for reclamation urges that the property above described cannot come within the description of "heating apparatus," "plumbing goods," or "other articles of personal property," within the meaning of the statute.

■ Clearly this property cannot be said to be "heating apparatus" or "ranges"; nor can it be held technically to be "plumbing goods." Does it come within the scope of "other articles of personal property"? This expression, of course, must be dealt with as meaning "other articles of personal property" of the same general character as the articles named in the statute. Babcock Davis Corp. v. Paine, 240 Mass. 438, 134 N. E. 342; J. H. Gerlach Co. v. Noyes, 241 Mass. 69, 134 N. E. 612; Automatic Sprinkler Corp. v. Rosen, 259 Mass. 319, 156 N. E. 693.

The apparatus contains pipes, a frigid air coil, a sink, and other articles which seem to be of a character similar to "plumbing goods." The referee saw the apparatus and described it as we have noted. We think he was right in holding that the property sought to be reclaimed comes within the meaning of the words "other articles of personal property" as used in the statute in question.

■ Were these articles "wrought into or attached to real estate"? Here the referee had before him a question of mixed law and fact. He saw the articles in question, heard the testimony of the witnesses, examined the plans of the apparatus, and had an opportunity to test the intention of the parties in reference to placing it. We see no error in his finding that the property described in the petition for reclamation had been "wrought into or attached to real estate"; we think he was right in his conclusion that, having become a part of the real estate of the bankrupts, the property might have been levied upon and sold by a creditor, irrespective of the contract between the company and the bankrupts, and that the property might have been conveyed, and good title passed by a deed of the bankrupts. Smith v. Bay State Savings Bank, 202 Mass. 482, 88 N. E. 1086; Munroe v. Armstrong, 179 Mass. 165, 60 N. E. 475; Automatic Sprinkler Corp. v. Rosen, 259 Mass. 319, at page 323, 156 N. E. 693.

■ It is urged by the petitioner for reclamation that the statute in question does not have reference to a trustee in bankruptcy,

as such trustee is not a purchaser, a grantee, nor a mortgagee.

Under the law, the trustee has all the rights and powers of attaching creditors. Bankruptcy Act § 47a(2); 11 USCA § 75 (a)(2).

Whatever the law may be in other states, in the commonwealth of Massachusetts "an attaching creditor stands in the position of a purchaser for value, and, as a deed duly recorded takes precedence of a prior deed unrecorded, so an attachment, when duly made, has the effect of a prior purchase and takes precedence of prior unrecorded deed." Woodward v. Sartwell, 129 Mass. 210, 212, citing Marshall v. Fisk, 6 Mass. 24, 4 Am. Dec. 76, and other cases. See, also, Hughes v. Williams, 218 Mass. 448, 105 N. E. 1056; Hillside Co-operative Bank v. Cavanaugh, 232 Mass. 157, 161, 122 N. E. 187; Coffin v. Ray, 1 Metc. (Mass.) 212, 215; Hill v. Hill, 196 Mass. 509, 517, 82 N. E. 690.

In Waltham Co-operative Bank v. Berry, 231 Mass. 270, 273, 121 N. E. 71, two of the defendants were attaching creditors of a mortgagor who had attached the real estate in an action of contract. In speaking for the Massachusetts court, Mr. Justice Braley said:

"The defendants accordingly are innocent purchasers for value, and, if judgment is recovered, the lien of the attachment has precedence over the plaintiff's mortgage"—citing Woodward v. Sartwell, supra; Cowley v. McLaughlin, 141 Mass. 181, 182, 4 N. E. 821; D'Arcy v. Mooshkin, 183 Mass. 382, 67 N. E. 339; Whitney v. Metallic Window Screen Mfg. Co., 187 Mass. 557, 73 N. E. 663.

According to the Massachusetts cases, a definition of an attaching creditor is that he is a purchaser for value. A statute applying to a purchaser applies to an attaching creditor. It is clear, then, that attaching creditors fall within the description of purchasers and must be included within the scope of chapter 184, § 13; and, if an attaching creditor is covered by the statute, so, also, is the trustee in bankruptcy.

Chapter 184 of the General Laws appears under the head of "General Provisions Relative to Real Property." The statute in question refers specifically to "a mortgagee, purchaser or grantee of such real estate." It seems clear that an attachment of "such real estate" has the same effect in Massachusetts as a purchase, mortgage, or grant; we think the trustee in bankruptcy has all the rights of a creditor who had made an attachment of such real estate at the time of the adjudication. Mergenthaler Linotype Co. v. Hull, 239 F. 26 (C. C. A. First Circuit, 1916); Mat-

ter of American Candy Mfg. Co., 256 F. 87 (C. C. A. Second Circuit, 1919).

Clearly, then, the unqualified doctrine of the Massachusetts court is that an attaching creditor is a purchaser for value, and that, in this circuit, we are bound to follow the Massachusetts law.

The trustee in bankruptcy, having all the rights of an attaching creditor, is protected by the statute.

We find no error in the decree of the referee in bankruptcy that the property sought to be reclaimed comes within the statute in question; that no notice was recorded as required by the statute; that the property has been wrought into and become a part of the real estate; and that the title has passed to the trustee in bankruptcy and cannot be reclaimed by the petitioner.

The decree of the District Court, affirming the order of the referee, is affirmed. The appellee recovers costs in this court.