## VINCENT v. TAFEEN.

### No. 2427.

Circuit Court of Appeals, First Circuit.

May 17, 1930.

Saul A. Seder, of Worcester, Mass. (Samuel Seder and Sidney Lurier, both of Worcester, Mass., on the brief), for appellant.

Alfred B. Cenedella, of Milford, Mass., for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge.

This is a proceeding in bankruptcy brought by the trustee, appellant, against one Tafeen to test his right or interest in certain property of the bankrupt held and possessed by Tafeen as security for $900 loaned by him to the bankrupt prior to the acquisition of the alleged right or interest in the property, and for $1,100, part of which ($500) was advanced at or about the time the alleged right or security was agreed upon, and the balance ($600) later, on the strength of the same security.

It appears that on February 16, 1928, the bankrupt gave a chattel mortgage to one Porter on the property in question to secure a note for $2,000, which mortgage was duly recorded; that shortly after the agreement for security was entered into there was a balance due on the Porter note of $520, which was satisfied by the bankrupt out of the $1,100 borrowed from Tafeen upon the security agreed upon; that, in carrying out the understanding between Tafeen and the bankrupt as to giving security, the Porter mortgage was assigned to Tafeen on November 5, 1928, who had it recorded on the following day; that the $2,000 note secured in that mortgage was indorsed by Porter without recourse, and delivered to the bankrupt, who kept it; that at the same time a new note for $2,000 was executed by the bankrupt in favor of Tafeen, on which it was stated that it was "secured by a personal property mortgage to be recorded"; and it was agreed in open court that Tafeen took possession of the property prior to the filing of the petition in bankruptcy.

The referee found that the transaction was a bona fide one, and that the parties intended by what they did that Porter should give up his rights in the property described in the mortgage, and that Tafeen should have that property as security for the loans of

$900 and of $1,100, which he made, that the sums going to make up the $1,100 were all advanced as a part of the same transaction, and to that extent were a present consideration for the security given, and that Tafeen was entitled to an equitable lien on the property described in the mortgage to the extent of $1,100, as against the trustee.

After hearing in the District Court on the report of the referee, it was decreed that the trustee pay Tafeen the sum of $1,100 to satisfy his equitable lien upon the property, which the referee had found to exist.

It is from this decree that the appeal is taken, and the only question presented by the assignments of error is: Whether on the facts found and agreed, the court below erred in entering the decree.

It is the contention of the appellant that the trustee had the rights of an attaching creditor in the property; and that, if he did, he was a purchaser for value under the law of Massachusetts, and the decree was erroneous. In support of his contention he relies largely on the decision of this court in American Soda Fountain Co. v. Parsons, 32 F.(2d) 737, 739. But that case is not applicable, for there the property in controversy and which the Soda Fountain Company sought to reclaim was in the possession of the trustee, having come into the custody of the court from the bankrupt when the petition in bankruptcy was filed. In such case there can be no doubt that a trustee has the rights of a lien creditor in property of the bankrupt so possessed.

But in the instant case the property is not in the possession of the trustee and has not been since the filing of the petition in bankruptcy. The agreed finding is that at the time of the filing of the petition the property was in the possession of Tafeen, where it has since remained.

Section 47a(2) of the Bankruptcy Act, as amended in 1910 (11 USCA § 75(a)(2), provides: "And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

In Clark v. Snelling, 205 F. 240, 243, this court held that under the last clause of section 47a(2), a trustee having the rights of a

Massachusetts judgment creditor would not have a lien on property "not coming into the custody of the bankruptcy court"; for, under the law of Massachusetts, a judgment creditor does not have a lien upon his debtor's property, real or personal. It was there said:

"If, in most states, such a creditor [a judgment creditor] would have a lien, in Massachusetts he would not, unless before his judgment he had attached the land. Not having so attached it, his judgment and execution would give him no rights in it before he had taken it on execution."

The question, therefore, is whether under the facts in this case the trustee has the right of a creditor "holding a lien by legal or equitable proceedings," upon the property in question.

If the property was "in the custody" (actual possession) of the bankruptcy court through its trustee, there would be no question about the trustee having a lien thereon. American Soda Fountain Co. v. Parsons, supra.

If, at the time the petition in bankruptcy was filed, the property was "coming into the custody" of the court, that is, was in the constructive possession of the bankruptcy court, though in the actual possession of the bankrupt or of a third person under a merely colorable claim of right, there would likewise be no question.

But, according to the facts in this case, the property at the time the petition in bankruptcy was filed was not in the actual or constructive possession of the bankruptcy court, but in the actual possession of Tafeen under a substantial claim of right, not a merely colorable one. Boyle v. Gray (C. C. A.) 28 F.(2d) 7, 15; Harding v. Federal Nat. Bank (C. C. A.) 31 F.(2d) 914, 918. This being the case, the trustee did not have the right of a creditor holding a lien upon the property. Massachusetts Trust Co. v. MacPherson (C. C. A.) 1 F.(2d) 769.

In this case the trust company was in possession, having taken possession before the bankruptcy petition was filed in the enforcement of its equitable claim of right. Its claim of right was substantial, not merely colorable; and it was held that the trustee did not have the rights of a creditor holding lien on the property.

"Agreements creating equitable liens in property, when established, are recognized and enforced in Massachusetts, where this contract was made." Crosby v. Packer (C. C.

A.) 22 F.(2d) 611, 613; Massachusetts Trust Co. v. MacPherson (C. C. A.) 1 F.(2d) 769.

The decree of the District Court is affirmed, with costs to the appellee.