## In re FISHER PLASTICS CORPORATION.
### No. 69890.

United States District Court
D. Massachusetts.
March 3, 1950.

W. Arthur Garrity, Jr., Assistant United States Attorney, Boston, Mass., for the United States.

Sidney J. Kagan, Boston, Mass., Matthew Brown, Boston, Mass., for the trustee in bankruptcy.

SWEENEY, Chief Judge.

The United States has filed a motion to enforce tax liens against certain funds in the hands of the Trustee in Bankruptcy of the above corporation. A stipulation of facts has been filed by the parties and the Court adopts this stipulation as its findings of fact. Briefly stated, the following is the status of this case:

After efforts to recognize the corporation had failed, the Court declared the debtor insolvent and ordered the reorganization proceedings dismissed. An order of adjudication in bankruptcy was entered on April 29, 1949. A trustee qualified, and has sufficient assets in his hands to cover the tax claims of the United States which are in the approximate amount of $2,334.52. Because these claims were assessed against the debtor prior to the filing against it of the original petition in bankruptcy, the United States claims it became a lienor with rights prior to those accruing to the Trustee in Bankruptcy by virtue of Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c which reads as follows: "* * * The trustee, as to all property in the possession or under the control of the bankrupt at the date of bankruptcy or otherwise coming into the possession of the bankruptcy court, shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actually exists; and, as to all other property, the trustee shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a judgment creditor then holding an execution duly returned unsatisfied, whether or not such a creditor actually exists."

The trustee denies that the United States has a lien, and claims the benefit of Section 3672(a) of the Internal Revenue Code, 26 U.S.C.A. § 3672(a), which reads as follows: "Invalidity of lien without notice. Such lien shall not be valid as against any

mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—". No notice of the Government's tax liens in suit had been filed as provided in that section at the time the involuntary petition in bankruptcy was filed on August 12, 1947, at which time all of the debtor's assets were vested in the Court. Whether or not it was filed later is immaterial. Unless he can claim the benefit of Section 3672(a) of the Internal Revenue Code, supra, the trustee, in behalf of all the creditors whom he represents, takes the debtor's property subject to the prior claim of the United States by virtue of Section 67, sub. b of the Bankruptcy Act, 11 U.S.C.A., § 107, sub. b which reads: " * * * statutory liens for taxes * * * owing to the United States * * * created or recognized by the laws of the United States * * * may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition in bankruptcy or of the original petition under chapter 10, 11, 12, or 13 of this Act, by or against him. Where by such laws such liens are required to be perfected and arise but are not perfected before bankruptcy, they may nevertheless be valid, if perfected within the time permitted by and in accordance with the requirements of such laws * * *." Therefore, the question before the Court is whether the Government's lien has been perfected in accordance with the requirements of Section 3672(a) of the Internal Revenue Code as against the trustee. This in turn depends on whether the trustee is a mortgagee, pledgee, purchaser, or judgment creditor within the meaning of Section 3672(a).

As to all property not in the possession of the bankrupt or under his control at the date of bankruptcy, the trustee has the rights of a judgment creditor. Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c; United States v. Sands, 2 Cir., 1949, 174 F.2d 384, 385. Therefore if, in the present suit, the debtor had transferred possession of his estate to someone else, the Trustee in Bankruptcy in relation to that property would have been in the position of a judgment creditor, would

clearly come within the provisions of Section 3672(a), and would prevail against the United States. While the distinction drawn by Section 70, sub. c of the Bankruptcy Act between the trustee as lienor by legal or equitable proceeding and as judgment creditor precludes him from falling within the meaning of "judgment creditor" in Section 3672(a) of the Internal Revenue Code with regard to property in the debtor's possession at the time of bankruptcy, it is difficult to see why he should prevail against the Government over property not in his possession if he cannot also prevail when the debtor's property is in his possession. This dilemma is unnecessary, however, because there is available another basis for decision.

Whether or not the trustee is a "purchaser" within the meaning of Section 3672(a) of the Internal Revenue Code will depend upon the meaning given that term by the courts of Massachusetts. United States v. Rosebush, D.C.E.D.Wis.1942, 45 F.Supp. 664. Massachusetts law will also determine whether a lienor by legal or equitable proceedings (the status assigned the trustee by Section 70, sub. a of the Bankruptcy Act) is within the meaning which Massachusetts law gives to the term "purchaser". In Massachusetts a Trustee in Bankruptcy has all the rights and powers of attaching creditors. American Soda Fountain Co. v. Parsons, 1 Cir., 1929, 32 F. 2d 737. Although ordinarily an attaching creditor does not stand in the position of a purchaser for value, In re Jeandros Dye & Print Works, D.C.Mass.1938, 22 F.Supp. 26, this is not true when his rights are protected by a recording statute which requires a prior transferee or lienor to provide record notice in order to overcome the rights of a subsequent bona fide purchaser for value. American Soda Fountain Co. v. Parsons, supra; Hillside Co-operative Bank v. Cavanaugh, 1919, 232 Mass. 157, 122 N.E. 187. And Section 3672(a) of the Internal Revenue Code is such a recording statute.

Therefore, the Trustee in Bankruptcy in Massachusetts comes within the meaning of "purchaser" in Section 3672(a) of the Internal Revenue Code, and has an

equity prior to that of the Government because the Government's lien was not recorded.

The motion of the United States is dismissed.