*Southern District*

## JOSEPH FREITAS

### v.

## WILFRED HEBERT

*Present:* Nash, P. J., Welch & Sgarzi, JJ.

Case tried to *Horrocks, J.,* in the Third District Court of Bristol. No. 5587.

*Welch, J.* This is an action of contract or tort in which the plaintiff landlord seeks to recover for damages to real estate caused by a tenant at will. One count is for trespass to real estate and a second count is for breach of contract of tenancy. The answer is a general denial.

*At the trial there was evidence tending to show that* on March 1, 1956 the plaintiff purchased from Joseph Machnik, Jr., administrator of the estate of Joseph Machnik the premises at 140 North Front St., New Bedford. The premises consisted of a shop or tavern with a high ceiling. There was a Janitrol gas unit heater attached by bolts to a plank approximately 2 inches thick, 8 inches wide, and 4 feet long. The plank was attached by long bolts through holes in the plaster 2 to 3 inches in diameter to the ceiling cross beams. The holes in the plaster were covered by the plank. Gas piping and electric cables were connected to it at a height of 12 or 13 feet above the floor. In the rear wall of the shop there was an opening about 15 or 16 inches square with a rough wood frame of 2 by 4 inch lumber, level with the plaster. Attached to this opening was an exhaust fan about 12 inches in diameter which covered

the entire opening with a metal frame located about 12 to 13 feet above the floor. The fan was the only means of ventilation in the entire shop except for the toilet window when the door of the lavatory was left open. Electric cable was nailed into the wall to reach the fan.

Joseph Machnik conducted a tavern on the premises and installed the exhaust fan and the overhead Janitrol gas unit heater.

The defendant was a tenant at will of the plaintiff from March 1, 1956 to April 19, 1958. He purchased from Joseph Machnick, Jr. the administrator of the estate of Joseph Machnik the tavern license and personal property connected with the business.

When the tenancy terminated the plaintiff examined the premises and found that the defendant had removed the exhaust fan and the Janitrol gas heater. Other items had been removed but they are not in issue since the plaintiff claims to be aggrieved only by the failure to grant his request number 10 which relates to the exhaust fan and number 11 which relates to the gas heater.

As to these items the trial judge made these findings of fact.

"I find that certain third persons acting with authority from the defendant and at his request, removed from said premises after he vacated a Janitrol overhead gas heater — and an electrical exhaust fan.

I find that in removing the Janitrol Heater certain damage was done to the plaster by removing certain bolts and a board that was supporting the heater, which damage is to

the extent of $18.00. — I find that the Janitrol gas heater was of such a nature that it was removable and not part of the realty. I find that the defendant was entitled to to remove the same.

I find that the window fan was not part of the realty and also was removable and that the defendant was entitled to remove the same.

I find that the Janitrol heater nor the window fan were fixtures."

The judge in his decision allowed $18.00 for repairs for removing the Janitrol gas heater. He also allowed other damages which are not before us.

The Plaintiff seeks additional damages of $325 for the Janitrol gas heater and $85.00 for the exhaust fan.

Request No. 10 was as follows:

The exhaust fan was peculiarly adapted to the building or shop and could not be removed without injury to the real estate and constituted real estate prior to removal by defendant.

Request No. 11 was as follows:

The gas heater attached to the ceiling of the shop was real estate prior to its removal by the defendant.

In his brief and argument before this Division the plaintiff claims to be aggrieved by the denial of his requests 10 and 11, and the finding that the exhaust fan and the overhead gas heater were personalty.

We think there was no error.

■ "Generally the question whether an article placed in a factory, dwelling house

or other building belongs to the real estate is a mixed question of law and fact." *Ferdinand v. Earle,* 241 Mass. 92, 94.

██ "Where the chattel is so affixed to the realty that its identity is lost, or where it cannot be removed without material injury to the realty or to itself, the intent to make it a part of the realty may be established as matter of law. (*Stone v. Livingston,* 222 Mass. 192, 194-195) but ordinarily its determination requires a finding of fact." *Bay State York Co. v. Marvix, Inc.,* 331 Mass. 407, 411. The trial judge on ample evidence has found as a fact that the articles were personal property. These findings will not be reversed unless plainly wrong. *Fulton v. Belmont,* 333 Mass. 64, 65.

██ The plaintiff also argues that the trial judge confused the instant case of annexation by the owner of the property with that of annexation by a tenant. Ordinarily, the owner of the fee by his annexation of personal property renders it an accession to the realty. The rule is construed strongly against the owner. Tiffany on Real Property, (3d Ed.) 599, §616. However, the trial judge was cognizant of this distinction because he granted plaintiff's second request which was as follows:

> "The question as to whether a chattel annexed by the owner continues to be a chattel is not the same as it is when the chattel is annexed by a tenant, since many articles put in by a tenant can be removed by him, which if put in by the owner become part of the realty."

There being no prejudicial error, the report is dismissed.

Joseph Freitas of New Bedford, for the Plaintiff cited: 36 C.J.S. Fixtures §§26, 30, 43; *Gar Wood Industries v. Colonial Homes, Inc.,* 305 Mass. 41; *Ridgeway Stove Co. v. Way,* 141 Mass. 557.

Samuel L. Lipman of New Bedford, for the Defendant.