CORNELIA A. DUNBAR, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

First Department, April 20, 1917.

Landlord and tenant — lien under Greater New York charter against property of owner for water charges — constitutional law — due process of law — consent of owner — primary liability of lessee — when holder not liable as surety.

When an owner expressly consents to a tenant's using water in a building supplied through pipes installed or continued by the owner for the purpose of connecting the building with the city's water main, the owner assents to the city's supplying water to the tenant for use in the building, and such assent must be deemed to be made with a view to the existing law.

Hence, such property leased for business purposes in which the tenant was to operate and maintain an engine, boiler and elevators, and was to pay all water charges, is subject to a lien for water measured by a meter in favor of the city of New York, pursuant to the provisions of the charter, where the tenant fails to pay, although such charge is not a tax but a mere debt.

The enforcement of such lien does not deprive the owner of property without due process of law.

Although the tenant under the circumstances is liable to the city primarily for the water consumed, and the owner's property is also liable under the charter, the latter cannot be held to be only liable as a surety so as to require his express assent in writing.

Where two are liable, and one is said to be primarily liable, that does not necessarily mean that the other is liable as a surety.

APPEAL by the plaintiff, Cornelia A. Dunbar, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 11th day of April, 1916, dismissing the complaint upon the decision of the court after a trial at the New York Special Term.

*Harold G. Aron,* for the appellant.

*William H. King,* for the respondent.

SHEARN, J.:

This is an appeal by plaintiff from a judgment of the Special Term dismissing the complaint in an action brought to cancel a lien for water charges in favor of the defendant, the city of New York, and against the property of the owner.

The charges were determined from readings of two meters on the premises, one installed under a permit issued December 3, 1900, and the other under a permit issued in 1907. Such charges in accordance with the provisions of the charter became a lien against the property. (*New York University* v. *American Book Co.*, 197 N. Y. 294.) Plaintiff's claim is that the enforcement of the lien deprives the plaintiff of her property without due process of law.

Plaintiff is and has been for many years the owner of the premises 34 to 36 North Moore street, borough of Manhattan. On October 1, 1907, plaintiff executed a lease in writing of the entire premises to the firm of William Hills, Jr., a copartnership, for business purposes. The lease required the lessee to pay all Croton charges. It further provided that the lessee should operate and maintain the engine, boiler and elevators in the demised premises at its own cost and expense. Plaintiff's position is that as this water was sold by the city to the tenant through a meter the charge is not a tax but is a mere debt. This is correct. Plaintiff's position further is that her property could not be taken from her to satisfy her tenant's debt without her consent. This is also correct. Plaintiff further claims that as the city has the right to meter a building without the consent of the owner and as this water was furnished through meters and there is no proof that the plaintiff consented to the installation of the meters, there is nothing to show that the plaintiff assented to the city's furnishing water to the tenant. This is not correct. It is true that the city may meter the premises without the consent of the owner, but the meters are not the instrumentalities for furnishing the water. They are merely for the purpose of measuring the water. The water is furnished through pipes connecting the building with the city's mains. These pipes were installed by the owner of the building, if not by the present owner, the plaintiff, then by her predecessor in title and the connection was never shut off or disconnected by the plaintiff. The only purpose of maintaining a connection between a building and the city's water mains is to have the city supply the building with water. The lease, as we have seen, contemplated the tenant's using water in the building. Indeed, it was necessary, for boilers are only

useful when supplied with water and the tenant was obligated to maintain and operate the building's engine and boilers. When an owner expressly consents to the tenant's using water in the building, supplied through pipes installed by the owner, or continued by the owner, for the purpose of connecting the building with the city's water main, the owner assents to the city's supplying water to the tenant for use in the building. When such assent or arrangement is made, it must be deemed to be made with a view to the existing law. Indeed, the law is a part of every contract. The law provided that the charges for water supplied to the tenant for use in the building should be a lien upon the building. Therefore, the charge was incurred and the lien became operative with the assent of the plaintiff and the claim that her property was taken without due process of law because of lack of her assent falls to the ground.

It is also urged that because the Court of Appeals in the *Book Company* case above referred to used the expression that the tenant was " primarily " liable, the owner is only liable as a surety and this required express assent in writing before the plaintiff could be charged for the debt of another. The court did not hold that the relation of suretyship existed or that the obligation of the owner was that of a surety and to be construed according to the rules of suretyship. It said that the tenant was primarily liable, which is true, but under the statute both the tenant and the owner are liable. Where two are liable, and one is said to be primarily liable, that does not necessarily mean that the other is liable as a surety. In the case at bar the tenant is liable to the city primarily for the water consumed, and the owner's property is also liable under the statute for water furnished to the tenant for use in the building with the owner's assent. Water so supplied is for the benefit of the owner as well as for the benefit of the tenant where the tenant's business and use of the building necessarily requires water, for if there had been no water supply available, there would have been no lease.

The judgment is affirmed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and DAVIS, JJ., concurred.

Judgment affirmed, with costs.