## In re VAN ROOY.
### No. 39142.

District Court, N. D. Ohio, E. D.
Dec. 2, 1937.

Harry Kaplan, of Cleveland, Ohio, trustee.

Joseph G. Ehrlich, of Cleveland, Ohio, for trustee.

Charles L. Kaps, Dist. Counsel, and Jerome W. Moss, Asst. Dist. Counsel, both of Cleveland, Ohio, for Home Owners' Loan Corporation.

William J. Shaver and Leo Ulmer, both of Cleveland, Ohio, for bankrupt.

WEST, District Judge.

The H.O.L.C. mortgage did not convey the rents of the real estate, but provided: "Upon default * * * it shall be lawful for the second party at the option of the said second party, to enter into and upon the real estate hereby granted or any part thereof, and to receive all rents, issues and profits thereof, and if any proceeding shall be brought to foreclose this mortgage or to collect the principal and interest * * * the court may upon application at any time during the pendency of said proceedings, appoint a receiver and take possession * * * of said real estate and collect the rents * * * and apply the net proceeds to the payment of the debt hereby secured."

After sale of the land by the trustee on his petition filed in the bankruptcy court, the H.O.L.C. having filed its cross-petition and the sale being for less than its first lien, and the rents on the premises having been collected by the trustee and deposited in his account, the mortgagee filed a motion "for an order to segregate the aforesaid rents thus collected," but took no other action to assert its claim to the rents as distinguished from its lien on the real estate.

Under the terms of the mortgage the rents did not become the property of the mortgagee merely upon default, but default created an option which the mortgagee might avail of to enter upon the property and receive such rents, or in any proceeding for foreclosure or collection, to have a receiver appointed to collect the rents for its benefit.

The referee was of opinion that whether these rents collected by the trustee, amounting to $264.50, should go to creditors generally or to the mortgagee, is controlled by Commercial Bank & Sav. Co. v. Woodville Savings Bank Co., 126 Ohio St. 587, 186 N.E. 444, which holds: "A mortgagor in possession is entitled to the rents and profits of the real estate, as an incident of possession of the equity of redemption, and they may be collected by such mortgagor until his equity of redemption expires."

I doubt if that case controls, for, when the rents were collected, a trustee was in possession of the property, holding it for the benefit of those entitled under the law to receive its proceeds on sale and the rents thereof so collected.

This particular question is rather controlled by the provision of section 47a of the act, as amended, 11 U.S.C. § 75(a), 11 U.S.C.A. § 75(a), as follows: "Such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon."

True, when the petition was filed and the trustee took possession, the rents did not come into his custody, but accrued later, and therefore should properly be regarded as funds "coming into the custody of the bankruptcy court." When they reached such custody, they were immediately impressed with the foregoing lien.

Funds so collected by a trustee are subject to valid prior liens. Vincent v. Tafeen, 1 Cir., 40 F.2d 823. But, as noted above, in this case the prior lien of the mortgagee had not been made effective in the manner provided in the mortgage and was only inchoate. If the mortgagee desired to make this lien effective, it should have brought foreclosure proceedings with the court's consent, or, without doing this, obtained from this court the appointment of a receiver to collect these rents for its benefit or at least it should have made some such attempt. Its mere motion for an order requiring the trustee to segregate or set apart the rentals was not sufficient. This did not prevent, but rather contemplated, collection of the moneys by the trustee, and, when they came into the possession of the court through such collection, the statutory lien in favor of all the creditors attached.

There is some difference of opinion on this point. But I think the better reason is stated by the cases decided in the Second Circuit: In re Brose, 254 F. 664; In re Humeston, 83 F.2d 187; In re McCrory Stores Corp., 73 F.2d 270, q. v.; In re Berdick, 56 F.2d 288, D.C.N.Y.

Cases which are thought to favor the claim of the mortgagee are: In re Wakey, 7 Cir., 50 F.2d 869, 75 A.L.R. 1521, and Associated Co. v. Greenhut, 3 Cir., 66 F. 2d 428.

My impression is that the option present in this mortgage under which the mortgagee may, but is not compelled to perfect its lien on the rents, and which was not availed of, makes this case stronger for the trustee than most of the foregoing.

The petition for review is dismissed and the referee's order affirmed.