Argued May 12; reversed June 28, 1938

# BILL WHITE'S MARKET *v.* DIXIE CREEK GOLD MINING CO. ET AL.

### (80 P. (2d) 712)

In Banc.

*Ralph H. Campbell*, Assistant Attorney General (I. H. Van Winkle, Attorney General, on the brief), for appellant.

*Gustav Anderson*, of Portland, for respondents.

KELLY, J. This is a suit to foreclose liens for labor and material. The State Industrial Accident Commission, intervening defendant, appeals from an order sustaining a demurrer to said commission's answer and complaint in intervention and dismissing said commission's complaint claiming a lien upon mining property owned by defendant, Louise Lennart, for fees due said commission from an assignee of the lessee of said defendant.

The question here presented is whether the State Industrial Accident Commission is entitled to a lien upon mining property for fees due from the lessee of the owner of such property.

Demurrants argue that the statute relied upon by the commission, if given a construction supporting the right to the lien claimed, is unconstitutional. As far as applicable to the facts of this case, the statute in question reads as follows:

"A lien hereby is created in favor of the commission upon all real property within this state and any structure or improvement thereon and upon any mine, lode, deposit, mining claim, or any road, tramway, trail, flume, ditch, pipe line, building, or other structure or equipment on or pertaining thereto, upon which labor shall be performed by the workmen of any employer subject to this act, in a sum equal to the amount at any time due from such employer to the commission on account of labor performed thereon by the workmen of such employer, together with interest and penalty. * * * The lien hereby created shall be prior to all other liens and encumbrances, except labor liens. In order to avail itself of the lien hereby created the commission shall, within 60 days after the employer is in default, as provided in section 49-1830, file with the county clerk of the county within which such property shall then be situated a statement in writing describing the property upon which a lien is claimed and stating the amount of the lien claimed by the commission. If a lien is claimed on real property not then owned by the employer, such statement must be filed within 60 days from the completion of the work. The commission shall, within six months from the filing of the statement, commence a suit to cause such lien to be foreclosed in the manner provided by law for the foreclosure of other liens on real or personal property." Section 3 of chapter 268, Oregon Laws 1933, amending chapter XVIII, title XLIX, Oregon Code 1930, by adding the foregoing new section known as section 49-1830-b.

Demurrants' argument is based upon the assumption that the statute above quoted does not say what sum must be due for which the claim may be lienable, but merely says that the sum must be equal to the amount due on account of labor.

It is also argued that the lien asserted in this case is not on account of labor of workmen, but constitutes merely a debt incurred by the employer, Dixie Creek Gold Mining Company, for a purpose that could not

in any manner be or be intended to be of benefit to the owner, and for that reason the claim asserted by the commission is nonlienable.

We are unable to concur in this argument. We think that the statute in question does plainly say that the sum must be in the same amount as that which at any time is due from the employer to the commission. This sum so due to the commission is determined by the extent of the labor performed upon the mine, lode, deposit, etc., by the workmen of the employer so charged with the sum due to the commission.

The incurrence of this claim in favor of the commission by the employer gave to the workmen protection and indemnity while working upon the owner's mine and in that way was not only intended to be, but actually was, of benefit to the owner of the property in so far as it relieved such workmen from the risks of loss because of accidental injury arising in the course of such employment not caused by the negligence of a third person other than a fellow servant, and also of such risks of loss to which the workmen's own negligence contributed or which was caused by a fellow servant's negligence.

We think that a workman so favored is able to and does give better and more satisfactory service than one hemmed about by the restrictions of the common law or even those still effective under the employers' liability law.

At least, such a theory commends itself more than demurrants' argument that no more benefit to the owner of the property ensues where work is performed on such property by workmen so protected than by workmen carrying their own risk and liability.

The analogy is very close between the case at bar and the case of *Dunbar v. City of New York*, 251 U. S. 516 (40 S. Ct. 250, 64 L. Ed. 485), affirming 223 N. Y. 597 (119 N. E. 1039), which affirmed without opinion 177 App. Div. 647 (164 N. Y. Supp. 519).

In the New York case, it was held that a landlord's property is not taken without due process of law by a lien imposed upon the premises by a city charter for water supplied to a tenant by the city, since the landlord's consent may be implied from the leasing with knowledge of the law,—especially as the lease, as made, contemplated the use of the water by the tenant, and provided so far as the landlord could for the payment of the water charges, and it is of no consequence at whose request the water meters were installed.

■ In the case at bar the property involved is mining property which was in possession of and operated by Dixie Creek Gold Mining Company by virtue of a certain mining lease and option or some like instrument or contract. This last named contract was executed by defendant, Louise Lennart, the owner of said property, and defendant, John L. Fore. Thereafter, the said contract was assigned to defendant, Dixie Creek Gold Mining Company, by said John L. Fore; and at all the dates and times mentioned in the commission's complaint in intervention defendant, Dixie Creek Gold Mining Company, was engaged in the working, development and operation of said property as lessee under said contract with the full knowledge, consent and approval of said defendant, Louise Lennart, the owner thereof. Certainly, under this state of facts, the owner's consent to bringing the employment of workmen on the mining property under the protection and provisions of the workmen's compensation act of the state of

Oregon could be implied. There is nothing in the record to negative such an implication.

To enforce such a lien by foreclosure is not taking property without due process of law. The owner is charged with knowledge of the lien laws as well as other laws of the commonwealth. If the property is mining property, the owner is in no position to urge that he had no notice that his lessee would employ laborers to work upon it, or that in that event fees would become due the commission computed on the basis of the amount of the lessee's pay roll.

■ "It is a well known fact that all responsible contractors, who perform this kind of work, [construction work] provide themselves with casualty insurance, and that the cost of it is an item of expense which is passed on to the owner." *Paget v. Peters*, 133 Or. 608, 619 (286 P. 983, 289 P. 1119).

■ Lien laws rest upon two cardinal principles: First that the owner of the property, on which the lien is claimed, has received some benefit or advantage by reason of the service rendered or material or supplies furnished; and, second, that the owner has contracted with some one, who thereby becomes his agent, to render such service or furnish such material or supplies.

The complaint in intervention herein reflects both of those principles.

■ The case is before us upon a demurrer. We think that the complaint in intervention states a good cause of suit and that the demurrer should have been overruled.

For these reasons, the decree of the lower court is reversed and the cause remanded for such further proceedings as may not be inconsistent herewith.

RAND and BELT, JJ., did not participate in this opinion.