Argued June 24; appeal dismissed July 15; rehearing denied
September 16, 1941

## BERNARDS *v.* BECK

(115 P. (2d) 329)

Before Kelly, Chief Justice, and Bailey, Rand, Rossman and Brand, Associate Justices.

*Martin J. Bernards,* in pro. per.

*Arthur D. Platt,* of Portland (Platt & Platt, of Portland, on the brief), for respondent.

KELLY, C. J.  The complaint herein contains three causes of action: first, forcible entry and detainer; second, a cause based upon a contract of rental and of occupancy thereunder of lots 1, 2 and 3, block 2, Orenco Townsite in Washington county, Oregon, the rental prescribed in said contract being $15 per month and said occupancy being continued for four years and nine months; and third, a cause based upon holding and occupancy of said premises by defendant after notice given by plaintiff to defendant that the rental thereafter for said premises would be at the rate of $500 per month.

Defendant's affirmative defense, as stated in defendant's answer, is as follows:

"I.

On or about April 4, 1930 plaintiff, together with Lena Bernards, his wife, mortgaged to one M. R. Johnson certain real property in Washington County, Oregon, which included the real property described in

plaintiff's complaint, as security for an indebtedness then owing from plaintiff to said M. R. Johnson.

II.

On or about April 6, 1934, said M. R. Johnson commenced a suit in equity in the Circuit Court of the State of Oregon, for Washington County, against plaintiff and said Lena Bernards for the foreclosure of said mortgage, and such proceedings were thereafter had in said suit that on July 11, 1934 a decree foreclosing said mortgage against the aforesaid real property was duly and regularly entered.

III.

Thereafter execution issued out of said Circuit Court and upon said decree to the Sheriff of said Washington County and on June 29, 1935 said sheriff duly and regularly sold said real property upon said execution to said M. R. Johnson, which sale was thereafter duly confirmed by said Circuit Court, and said M. R. Johnson upon said sale became entitled to the possession of said real property, and plaintiff ceased to be the owner thereof except as to the statutory right of redemption, which has since expired, and ceased to have any right in or to said real property or the possession thereof or the rents therefrom, and has never since been entitled to the possession or rents thereof.

IV.

After said sale, said M. R. Johnson demanded of defendant that defendant either vacate said premises or attorn to said M. R. Johnson, and defendant thereupon did duly attorn to said M. R. Johnson and has ever since been and still is the tenant of said M. R. Johnson in said premises and has regularly paid rent to said M. R. Johnson therefor.''

Plaintiff's reply contains the following affirmative allegations:

''I.

On August 10, 1934, this plaintiff and Lena Bernards, his wife, filed a petition in the District Court

of the United States for the District of Oregon for composition or extension pursuant to the terms of Section 75 of the Bankruptcy Act as the same had been amended by the act of Congress duly enacted under date of March 4, 1933; that plaintiff was in possession of said property and has remained so in possession by his said tenant, the defendant above named; and that said proceedings have ever since been pending in the District Court of the United States for the District of Oregon; and that by reason of said petition and said bankruptcy pursuant to the said statute, the State Courts were and are deprived of jurisdiction to proceed with the foreclosure of the mortgage, or alleged mortgage, referred to in defendant's said answer.''

It is contended by defendant that inasmuch as there is no bill of exceptions in this case, the only question presented is whether the pleadings and the findings support the judgment of dismissal.

Unless this court may take judicial knowledge of the record of the federal court as alleged in plaintiff's reply, it is apparent that the judgment of the trial court is so supported and should be affirmed.

■ The modern rule seems to be that the state courts should be controlled by the federal statute whenever the pendency of a bankruptcy proceeding such as the one here involved is brought to the attention of such courts whether by formal pleading, or proof, or in any other way.

In a case holding that the Frazier-Lemke Act deprived the Wisconsin County Court of jurisdiction to continue or maintain foreclosure proceedings against a mortgagee whose petition was pending in the bankruptcy court, the United States Supreme Court, speaking through Mr. Justice Black, said:

''Congress set up in the Act an exclusive and easily accessible statutory means for rehabilitating distressed farmers who, as victims of a general economic depres-

sion, were without means to engage in formal court litigation. * * *

In harmony with the general plan of giving the farmer an opportunity for rehabilitation, he was relieved,—after filing a petition for composition and extension—of the necessity of litigation elsewhere and its consequent expense. This was accomplished by granting the bankruptcy court exclusive jurisdiction of the petitioning farmer and all his property with complete and self-executing statutory exclusion of all other courts. * * *

Congress manifested its intention that the issue of jurisdiction in the foreclosing court need not be contested or even raised by the distressed farmer-debtor. The protection of the farmers was left to the farmers themselves or to the Commissioners, who might be laymen, and considerations as to whether the issue of jurisdiction was actually contested in the County Court, or whether it could have been contested, are not applicable where the plenary power of Congress over bankruptcy has been exercised as in this Act." *Kalb v. Feuerstein*, 308 U. S. 433, 60 S. Ct. 343, 84 L. Ed. 370.

■■ Taking cognizance of the proceedings pending in the bankruptcy court, it is clear that the state court was and is without jurisdiction in this case. We find no authority in support of plaintiff's argument that the state court has jurisdiction to entertain the second and third causes of action because those causes are for rentals and rentals do not pass into bankruptcy administration. On the contrary, rentals accruing upon mortgaged property belonging to the debtor, who has filed his petition in the bankruptcy court are properly taken by the mortgagor's trustee in bankruptcy up to the time the mortgagee enters or brings a bill to foreclose or enter. Subsequent to such action by the mortgagee, the rentals from the mortgaged property may be treated as belonging to the mortgagee; but as to the real property of the debtor, not set apart

as exempt, the rentals therefrom are within the exclusive dominion and jurisdiction of the bankruptcy court. Annotation to 75 A. L. R. 1526, et seq. See *In re Cigar Stores Realty Holdings, Inc.*, 69 F. (2d) 823; *Re Van Rooy*, 21 F. Supp. 431.

We are aware that the foregoing authorities apply to proceedings in bankruptcy where a trustee has been appointed and the debtor's only objective is a discharge from his obligation as such debtor.

Plaintiff bases his assertion that rentals from real property being administered by the bankrupt court do not pass into the bankruptcy administration upon several considerations.

First, plaintiff argues such a conclusion may be drawn because the final sentence of paragraph (2) of subsection (s) of section 75 of the bankrupt law of 1898, as amended by the first Frazier-Lemke Act [Act of June 28, 1934] [C. 869, 48 Stat. p. 1289] was omitted in the second Frazier-Lemke Act [Act of August 28, 1935] [C. 792, Secs. 1-6, 49 Stat. 942-945, Sec. 203, Chap. 8, Title II, U. S. C. A. p. 974, et seq.], that final sentence being,—"All liens herein on livestock shall cover all increase, and all liens on real property shall cover all rental received or crops grown thereon by the debtor, as security for the payment of any sum that may be due or past due under the terms and provisions of the next paragraph, until the full value of any such particular property has been paid."

Second, plaintiff claims the final sentence of paragraph 3 of subsection (s) of section 75 of the Bankruptcy Act supports his view in that regard. Such final sentence is as follows:

"If, however, the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section, or is unable

to refinance himself within three years, the court may order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for in this Act." [Final sentence in paragraph (3) of subsection (s) Act of August 28, 1935.]

Third, plaintiff supports his contentions by reference to the provisions of paragraphs (1) and (2) of said subsection (s) which are as follows:

"(1) After the value of the debtor's property shall have been fixed by the appraisal herein provided, the referee shall issue an order setting aside to such debtor his unencumbered exemptions, and his unencumbered interest or equity in his exemptions, as prescribed by the State law, and shall further order that the possession, under the supervision and control of the court, or any part or parcel or all of the remainder of the debtor's property shall remain in the debtor, as herein provided for, subject to all existing mortgages, liens, pledges or encumbrances. All such existing mortgages, liens, pledges, or encumbrances shall remain in full force and effect and the property covered by such mortgages, liens, pledges, or encumbrances shall be subject to the payment of the claims of the secured creditors as their interests may appear."

"(2) When the conditions set forth in this section have been complied with, the court shall stay all judicial or official proceedings in any court, or under the direction of any official, against the debtor or any of his property, for a period of three years. During such three years the debtor shall be permitted to retain possession of all or any part of his property, in the custody and under the supervision and control of the court, provided he pays a reasonable rental semi-annually for that part of the property of which he retains possession. The first payment of such rental shall be made within one year of the date of the order staying proceedings, the amount and kind of such rental to be the usual customary rental in the community where the property is located, based upon the rental value,

net income, and earning capacity of the property. Such rental shall be paid into court, to be used, first, for payment of taxes and upkeep of the property, and the remainder to be distributed among the secured and unsecured creditors, and applied on their claims, as their interests may appear. The court, in its discretion, if it deems it necessary to protect the creditors from loss by the estate, and/or to conserve the security, may order sold any unexempt perishable property of the debtor, or any unexempt personal property not reasonably necessary for the farming operations of the debtor, such sale to be had at private or public sale, and may, in addition to the rental, require payments on the principal due and owing by the debtor to the secured or unsecured creditors, as their interests may appear, in accordance with the provisions of this Act, and may require such payments to be made quarterly, semiannually, or annually, not inconsistent with the protection of the rights of the creditors and the debtor's ability to pay with a view to his financial rehabilitation.''

Fourth, in support of his contention, plaintiff cites the following provision of paragraph 4 of said subsection (s):

''If, at the time that the farmer debtor amends his petition or answer asking to be adjudged a bankrupt, a receiver is in charge of any of his property, such receiver shall be divested of possession, and the property returned to the possession of such farmer, under the provisions of this Act.''

And fifth, plaintiff claims that upon giving consideration to the provisions of said section 75, taken as a whole, and particularly subsection (s) it is obvious that congress expressly intended the farmer-debtor to have exclusive use, free of liens, of all crops, rentals, and increase in livestock produced or accrued after his

petition is amended with which to rehabilitate himself financially.

■. We think, however, that inasmuch as paragraph (2) of said subsection (s), as above quoted, expressly requires the debtor to pay a reasonable rental while in possession of the real property under the control of the bankruptcy court, which rental is to be administered by that court, it cannot be said that the debtor may, for his own use and benefit, retain the rental accruing from such property while the same is in the possession of a third party.

If we are to assume that plaintiff would be entitled to recover the rental claimed in his second and third causes of action or some of it, in case, as plaintiff claims, the sale upon foreclosure of the mortgage in suit was null and void, it would require an adjudication to the effect that such sale was and is void, in order to warrant such recovery by plaintiff.

■. It is obvious that the state court is without jurisdiction to make any such adjudication. That matter is now pending in the United States supreme court: *Bernards et al. v. Johnson et al.*, 61 Sup. Ct. 956, 85 L. Ed. 861; Ibid, 61 Sup. Ct. 832, 85 L. Ed. 745; Ibid, 103 F. (2d) 567; and for that reason, if no other, the state court had and has no jurisdiction.

In any view, the circuit court had no jurisdiction, and therefore the state supreme court has none.

The appeal is dismissed and the judgment of dismissal rendered by the circuit court is affirmed.