LEO C. UDALL *v.* HALE MASON, D. B. A. ORLEANS PLYWOOD CO.,
AND TRUSTEES.

February Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed May 5, 1942.

*Sumner E. Darling* for plaintiff.

*Fred E. Gleason* for Trustees, Vt. Mutual Fire Ins. Co. and
Union Mutual Fire Ins. Co.

*Arthur L. Graves* for Trustee, Bellows Falls Mfg. Co.

*Conant & Parker* for Trustee, L. & L. & G. Ins. Co., and
Fidelity—Phoenix Fire Ins. Co.

*Raymond L. Miles* for Trustee, Anderson Mfg. Co. and for
principal defendant.

*Percival L. Shangraw* specially for Chandler Corp'n. and Central Savings Bank.

*James E. Knapp pro se.*

BUTTLES, J. The plaintiff brought his action in general assumpsit, entered June 14, 1941, in Lamoille County Court, against the defendant and certain parties, four of whom were fire insurance companies, summoned as trustees of the defendant. As disclosed by plaintiff's specifications he was seeking to recover a balance that had been found due the plaintiff from the defendant upon an accounting between them and also a further sum alleged to be due for logs and lumber sold to the defendant. Before other proceedings were had in the trial court the plaintiff, on August 25, 1941, filed a motion praying that the action at law be amended into a suit in equity and transferred to the court of chancery, evidently under the provision of P. L. 1580.

Accompanying the motion was a proposed bill in chancery. In the meantime the defendant had been adjudged a bankrupt on July 14, 1941, by the United States District Court for the District of Vermont under a voluntary petition filed June 30, 1941, and his trustee in bankruptcy had been appointed. That trustee was made a party defendant to the plaintiff's motion and he appeared in the state court to oppose the same.

The grounds upon which the plaintiff bases his motion are, in brief, that he has a ''potential equitable'' lien on certain funds alleged to be due to the defendant or to his trustee in bankruptcy from the insurance companies above referred to, which lien can be established only in a court of equity. A further ground alleged is that for the proper presentation of plaintiff's case accountings are necessary between the plaintiff and the trustee in bankruptcy, and between said trustee and the E. L. Chandler Corporation, which was interested in the insurance as owner of the real estate upon which the defendant's business was conducted, and was summoned as a trustee of the defendant in this action. The facts upon which a lien is claimed are set forth substantially as follows: that on or about July 1, 1939, the plaintiff came to the financial relief of the defendant, who was engaged in the manufacture of plywood or veneer, pursuant to a verbal contract between the parties whereby it was agreed that if the

plaintiff ''would invest his money in the plant that he would be protected by a lien on the product of the plant, on the logs, on an assignment of orders and by the fire insurance in case of fire'': that this arrangement continued in force until May 23, 1941, when the plant was destroyed by fire; that thereafter the defendant, in violation of his agreement, refused to assign to the plaintiff that portion of the fire insurance which covered the defendant's interest in the property. After hearing, the plaintiff's motion was overruled, exception allowed the plaintiff and case continued. Exception was also allowed the plaintiff to the judgment but he has briefed only the exception to the overruling of his motion.

In this Court the four insurance companies summoned as trustees have filed a motion to dismiss the plaintiff's exceptions, but it is unnecessary to consider that motion since, as hereinafter appears, the ruling of the trial court to which those exceptions were taken, and the judgment of the court will be affirmed.

██ Upon adjudication title to all of a bankrupt's property vests in the trustee as of the date of the filing of the petition in bankruptcy, with actual or constructive possession, and is placed in the custody of the bankruptcy court. *Isaacs* v. *Hobbs Tie and Timber Co.*, 282 U. S. 734, 51 S. Ct. 270, 271, 75 L. Ed. 645; *Mueller* v. *Nugent*, 184 U. S. 1, 14, 46 L. Ed. 405, 22 S. Ct. 269, 275. It cannot be doubted that the portion of the fire insurance fund which the plaintiff's motion states was payable to the defendant, and upon which the plaintiff seeks to impress a lien, was property which, between the dates of the fire and the petition in bankruptcy, belonged in law to the defendant. A vested right of action is property in the same sense that tangible things are property. Bouvier's Law Dictionary, Century Edition. The case last above cited concerned a sum of money in the hands of a third party which belonged to the bankrupt.

██ In *Straton* v. *New*, 283 U. S. 318, 51 S. Ct. 465, 466, 75 L. Ed. 1060, it is said, omitting citations: ''The filing of the petition is an assertion of jurisdiction with a view to the determination of the status of the bankrupt and a settlement and distribution of his estate. This jurisdiction is exclusive within the field defined by the law, and is so far *in rem* that the estate is re-

garded as in *custodia legis* from the filing of the petition. It follows that liens cannot thereafter be obtained nor proceedings be had in other courts to reach the property, the district court having acquired the exclusive right to administer all property in the bankrupt's possession. It may inquire into the validity of liens, marshall them, and control their enforcement and liquidation. Though a lien be not discharged by bankruptcy, its owner may not, without the bankruptcy court's permission, institute proceedings in a state court to enforce it, since his doing so might interfere with the orderly administration of the estate.'' What this plaintiff could not do directly he could not do by indirection. He could not, without permission of the bankruptcy court, by amendment subsequent to the filing of the bankruptcy petition, engraft a proceeding for enforcing his claimed lien upon his pending action in assumpsit, which was inappropriate for such enforcement and contained no suggestion of an attempt to enforce a lien. He could not, after bankruptcy intervened, pervert the original action to other and different uses making substantially new litigation. *In Re Couch Cotton Mills Co.,* D. C., 275 Fed. 496, 497.

Plaintiff's motion sets forth the necessity for the accountings therein referred to only as incidental to the establishment and enforcement of his claimed lien and it is not an independent ground for granting the motion. The motion was properly denied.

It is unnecessary here to consider the validity, under our law, of the lien which the plaintiff seeks to assert, nor is it necessary to consider whether that lien, if otherwise valid, would constitute a voidable preference under U. S. C. A. Title 11 Sec. 96 as amended by the Act of June 22, 1938, known as the Chandler Act.

*Judgment overruling plaintiff's motion to amend into equity and transfer to the court of chancery affirmed and cause remanded.*