NORTHEAST CLACKAMAS COUNTY ELECTRIC COOPERATIVE, Inc., Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY, a corporation, Defendant,

and

S. H. Ripp, doing business as Ripp Electric Co., Intervenor.

SANDY ELECTRIC CO-OP, Plaintiff,

v.

The STATE OF OREGON; The Industrial Accident Commission of the State of Oregon; the Unemployment Compensation Commission of the State of Oregon; the Tax Commission of the State of Oregon; Continental Casualty Company, a corporation; Sylvester H. Ripp; Thomas W. Churchill, Trustee of the Estate of Sylvester H. Ripp, a bankrupt; Edward O. Doxey, Administrator of the Estate of John Lichty, Deceased; Robert Clapperton; R. W. Lacy, dba Lacy's Electrical Construction; Creditor's Protective Association, a corporation; George Crabb, dba Rhododendron Garage; Claude Wren, dba Associated Service Station, Government Camp, Oregon; Ralph Hames, dba Hoodway Union Service; Claude Dove, dba Sandy Truck Line; and John Doe Meinig, Defendants.

and

United States of America, Intervenor.

Civ. Nos. 5851, 8190.

United States District Court
D. Oregon.

Dec. 14, 1955.

**904**

Kell & Hamilton, Raymond M. Kell, Floyd D. Hamilton, Portland, Or., for plaintiff.

Conley & Greene, James L. Conley, Portland, Or., for Continental Casualty Co.·

Robert Y. Thornton, Atty. Gen., and Roland V. Brown, Asst. Atty. Gen., for State Unemployment Compensation Commission.

Don Parker, Salem, Or., Robert L. Olson, Portland, Or., for State Industrial Accident Commission.

Irving Rand, Portland, Or., for defendants Edward O. Doxey, Adm'r, and Robert Clapperton.

C. E. Luckey, U. S. Atty., and Edward J. Georgeff, Asst. U. S. Atty., Portland, Or., for Ralph Granquist, Director, Internal Revenue.

T. W. Churchill, Salem, Or., for defendant T. W. Churchill.

Robin D. Day, Salem, Or., for S. H. Ripp.

EDWARD P. MURPHY, District Judge.

This proceeding unites two cases in this Court, Civil No. 5851 and No. 8190, and relates to a third, a proceeding in bankruptcy under No. B–36590. In No. 5851, judgment was had on November 26, 1952, by one Ripp against Sandy Electric Co-op (Northeast Clackamas County Electric Co-operative, Inc.) in the amount of $17,209.92. That judgment was appealed and affirmed, 221 F.2d 329, the mandate of the Ninth Circuit Court of Appeals being filed on June 10, 1955. All that remains in Case No. 5851 is the satisfaction of the judgment.

■ At various times before and since November 26, 1952, claims were made by various creditors of Ripp against Sandy Electric Co-op by reason of the claim Ripp had against Sandy and the judgment embodying those claims on November 26, 1952. Several liens are alleged to have been perfected on the judgment of November 26, 1952, at various times prior to four months before the next relevant date here, April 26, 1955. On that date, Ripp was adjudicated a bankrupt in Case No. B–36590. Under the law, on that date the bankruptcy court acquired jurisdiction of all property, including choses in action, possessed by the bankrupt or to which he had a right of possession. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S. Ct. 628, 84 L.Ed. 876. This is so despite the existence of any liens on such property; indeed the bankruptcy court acquires jurisdiction for the very purpose of determining the validity of any liens asserted against such property, and making the distribution of such property provided by law. In Fish v. East, 10 Cir., 1940, 114 F.2d 177, at page 192, the court said:

"An adjudication of bankruptcy draws to the bankruptcy court jurisdiction to administer all property of the bankrupt, real and personal, though it may be subject to a valid lien acquired by judgment or the levy of an execution more than four months prior to the date of bankruptcy; * * *."

To the same effect, the court in Hochn v. McIntosh, 6 Cir., 1940, 110 F.2d 199, at page 202, said:

" * * * the bankruptcy court has exclusive jurisdiction to deal with the property of the estate

\* \* \* and while valid liens existing at the commencement of the proceedings are preserved, the bankruptcy court has exclusive jurisdiction to ascertain their validity and amount and decree the method of their liquidation."

Had the judgment debtor, Sandy, paid the sum of the judgment into the bankruptcy court, therefore, there would have been no question that the bankruptcy court is the proper forum for the distribution of the sum of the judgment.

The novel feature of this proceeding is that the judgment debtor, Sandy, filed a bill of interpleader in this court (No. 8190), naming as defendants substantially all the creditors of Ripp listed in the bankruptcy proceeding. These creditors were named as defendants in the interpleader proceeding, regardless of whether or not they had made claims against Sandy, or were secured by any part or all of the sum of the judgment being held by Sandy. Together with this bill of interpleader, Sandy filed a suit for declaratory judgment, and tendered into court the sum of the judgment plus interest. That total sum, in the amount of $19,960.68, was paid into court on July 25, 1955, under Case No. 8190.

The trustee in bankruptcy, and several defendant creditors asserting liens on the judgment perfected more than four months before bankruptcy, seek a reference of the instant proceedings to the bankruptcy court and an order transferring the sum of $19,960.68 from the Registry of the District Court under Cases Nos. 5851 and 8190 to the Bankruptcy Court under Case No. B–36590.

The United States, intervenor in this proceeding, and several other defendant creditors, seek a determination of the competing claims, priorities and liens relating to the sum in question in this interpleader proceeding. The United States argues in its able brief that the bankruptcy court has no jurisdiction over the sum to the extent of the federal tax liens, since those tax liens had been perfected, thus transferring the right to possession to the United States, under the authority of United States v. Eiland, 4 Cir., 1955, 223 F.2d 118. The Eiland case, however, deals only with the merits of a decision regarding the validity and priority of a federal tax lien. It furnishes no guidance on the issue here raised, that is, whether the validity and priority of a disputed lien should be decided in an interpleader action or in a proceeding in bankruptcy already pending in the same district.

■■ Aside from the consideration that the adjudication of bankruptcy on April 26, 1955, gave immediate possession of the disputed sum to the bankruptcy court, at least for the purpose of deciding the validity of liens asserted against it, there is a broader ground of policy to which this issue should be referred. The Bankuptcy Act, Title 11 of the U.S.C.A., was designed to give broad jurisdiction to the bankruptcy courts to adjudicate conflicting claims to property of the bankrupt. The Act provides an integrated scheme for the disposition of such property, and Congress has made clear its intent that bankruptcy courts shall be the primary forum for adjudication of claims concerning the property. Nothing in the Interpleader Act, 28 U.S.C. § 1335, suggests an intent of Congress to set aside the scheme of the Bankruptcy Act in cases in which property of the bankrupt is subject to conflicting claims. None of the cases cited by plaintiff deals with a bankruptcy situation. The use of interpleader actions to short-circuit the administration of bankrupt estates ·by the bankruptcy courts would frustrate the Congressional scheme and make for duplication and added expense in the settlement of bankrupt estates. The interests of sound judicial administration require the adjudication of the conflicting claims of defendants herein in the proceeding· in bankruptcy already pending in this Court as Case No. B–36590.

■ Part of the relief sought by plaintiff is injunctions against each of·

the defendants, permanently enjoining them from instituting any action or foreclosing any lien against plaintiff. The relief sought is too broad. So far as such actions or foreclosures may be based solely upon the liability of Ripp to any of the defendants, this is a proper prayer and is hereby granted. The lien of defendant Industrial Accident Commission against plaintiff, however, is a statutory lien which imposes independent liability upon the owner of premises in the event that the primary liability of an employer who employs workmen on those premises and benefits the owner thereby, is not met. ORS 656.564. See White's Market v. Dixie Creek Gold Mining Co., 1938, 159 Or. 406, 80 P.2d 712. The lien fastened upon plaintiff's property by the Industrial Accident Commission pursuant to ORS 656.564, if validly procured, is therefore based upon an independent liability of plaintiff to the Industrial Accident Commission and beyond the jurisdiction of this Court in this interpleader proceeding. The only claims properly before the Court are those made by the defendants against plaintiff on the basis of the liability of Ripp to the defendants. No order is therefore made with respect to the lien of Industrial Accident Commission.

Plaintiff has petitioned the Court for costs in the amount of $55.20 and a reasonable attorney's fee, to be paid out of the sum deposited in court. It is the order of the Court that the sum of $55.20 and the further sum of $500 be paid to plaintiff out of the sum deposited in court. The Clerk is directed, after paying these sums to plaintiff, to transfer the remainder of the sum now in deposit in the Registry of the District Court under Cases 5851 and 8190 to the Registry of the Bankruptcy Court under Case No. B–36590. The remainder of the bill of interpleader and suit for declaratory relief in Case No. 8190 is dismissed, without prejudice to the rights of any of the parties thereto to renew their claims in a proper forum.

Let the necessary orders be prepared.