Louis L. Friedman, J.
Plaintiff brings this action to declare a certain lien for water and repair charges which were assessed against plaintiff’s property, as void, and requiring that the defendant City of New York cancel the same of record. Defendant now moves to dismiss the complaint on the ground that it fails to state a cause of action.
The complaint alleges that prior to September 1, 1953, plaintiff leased the premises as a storage warehouse, for a period of two years commencing on said date, to one Joseph Cardone; that this use did not require or contemplate any consumption of water by the tenant; that without the knowledge or consent of the plaintiff, said tenant installed pipes which were connected illegally with the City of New York’s water supply system, thereby diverting the water to the tenant’s use of the premises; that said tenant, without the knowledge or consent of plaintiff, used the premises as an illegal alcohol distillery; that the water was not used by the plaintiff nor for its benefit; that a charge for the water consumed during the occupancy of. the tenant was imposed by the defendant upon the plaintiff, for which charge the defendant claims a lien against plaintiff’s property in the amount of $3,448.96; that said lien is void, a cloud on plaintiff’s title and in violation of the rights of plaintiff.
The defendant asserts its right to the lien on the ground that the tenant was in possession under a lease made by the plaintiff and that the water was supplied to the property. It further asserts that it matters not whether or not the water was used for the purposes contemplated by the lease or whether the tenant obtained the water through illegal means.
The liability of an owner of property for water charges incurred by a tenant has been succinctly stated in Dunbar v. City of New York (177 App. Div. 647, 649, affd. 223 N. Y. 597, affd. 251 U. S. 516), where the Appellate Division said (p. 649): “ When an owner expressly consents to the tenant’s using water in the building, supplied through pipes installed by the owner, or continued by the owner, for the purpose of connecting the building with the city’s water main, the owner assents to the city’s supplying water to the tenant for use in the building. When such assent or arrangement is made, it must be deemed to be made with a view to the existing law. Indeed, the law is part of every contract. The law provided that the charges for water supplied to the tenant for use in the building should be a lien upon the building. Therefore, the charge was incurred and the lien became operative with the assent of the plaintiff ”.
*529 Assuming that the factual allegations as charged by the plaintiff are true, as the court must on a motion of this kind (Dun & Bradstreet v. City of New York, 276 N. Y. 198), it appears that the water supposedly used in these premises was furnished therein through pipes installed without either the knowledge or consent of the owner, and that the lease executed by the plaintiff herein did not contemplate the use of water by the tenant. In short, what the complaint alleges is that the landlord is not responsible for the value of property stolen from another by the landlord’s tenant, even though such property might have been brought into the landlord’s premises. The fact that the alleged stolen property is water, and that it was transported from the premises of the city to premises of the landlord, by means of pipes installed by the alleged thief, does not impose liability upon the owner of the building where the illegally obtained property was used. There is no more liability upon the landlord of these premises for water so illegally obtained, than there would be if, instead of water, the thief had stolen food or other easily disposable property and had consumed or used up the same in the premises wherein said thief was a tenant. Under these circumstances, it could not be said that “ the charge was incurred and the lien became operative with the assent of the plaintiff ”, as is required under the Dunbar case (supra).
The motion to dismiss is accordingly denied.