Argued May 1, remanded with directions to dismiss amended
complaint June 14, petition for rehearing denied
July 11, 1961

# HOUSTON ET AL v. POMEROY

362 P. 2d 709

*Donald H. Joyce,* Portland, argued the cause and filed briefs for appellant.

*James F. Bodie,* Prineville, argued the cause and filed a brief for respondents. With him on the brief was James B. Minturn, Prineville.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

SLOAN, J.

In this case the trial court entered a decree that reformed a written undertaking entered into by the parties herein and compelled defendant to perform the agreement as reformed. Defendant appeals. We have decided that the trial court was without jurisdiction to hear the case. A resume of the facts will reveal the reason for our decision.

The factual background was peculiar. Prior to the actual events which prompted this litigation de-

fendant had been employed in some capacity aboard a merchant vessel owned by a company referred to as Drytrans, Inc. During the course of that employment defendant was injured. He thereafter retained his present counsel to bring action against Drytrans, Inc. in the circuit court for Multnomah county for the damages arising from the injury. On May 2, 1958, and while his action against Drytrans, Inc. was pending, defendant entered into the disputed contract with plaintiffs. The contract required defendant to buy and plaintiffs to sell the physical equipment, franchises and permits of a taxicab business in Prineville then owned and operated by plaintiffs.

As a part of that transaction defendant executed an order, or assignment as it is called in this record and will be referred to here, to Mr. Joyce, his attorney. This assignment directed Mr. Joyce to pay to plaintiffs one-half of any preliminary payments defendant might receive prior to the final settlement or adjudication of his claim against Drytrans, Inc. and the full balance due plaintiffs on the contract of sale of the taxicab business at the time of final settlement of his claim. The assignment was accepted by Mr. Joyce. The assignment also provided that it "will not be revoked by me for a period of six months from the date hereof without the prior written consent of [plaintiffs]." Defendant immediately took possession of the taxi property and attempted to operate it.

In November, 1958, defendant gave written notice to plaintiffs that the assignment was cancelled. He also attempted to rescind the contract. We are not concerned with the cause of or his right to rescind.

In January, 1959, plaintiffs filed their original complaint in this proceeding praying for damages for defendant's alleged failure to perform the contract.

The damage claimed was the unpaid balance alleged to be due on the contract. Immediately thereafter defendant filed a petition of voluntary bankruptcy in the United States District Court for the District of Oregon. In due time he was adjudicated a bankrupt. The contract obligation of defendant to plaintiffs was listed in the schedules defendant filed. Defendant filed a plea of abatement in this proceeding which directed the trial court's attention to the proceedings in the bankruptcy court.

■ On May 15, 1959, plaintiffs filed an amended complaint herein. As before indicated, the amended complaint purported to allege facts that would require a reformation of the assignment directed to Mr. Joyce.

It attempted to convert the action at law into one of equitable cognizance. The allegations of the amended complaint included allegations that defendant had been adjudicated a bankrupt and that the contractual obligations between plaintiffs and defendant had been included in the schedules filed in the bankruptcy proceeding. It, therefore, appeared on the face of the amended complaint that the circuit court had no jurisdiction of this controversy. When the bankruptcy court assumed jurisdiction of this matter it did so for all purposes. Its jurisdiction was exclusive to determine all of the rights or obligations of the parties arising out of the contract in question. 1 Remington, Bankruptcy, (5th ed 1950) § 34, et seq.

"* * * Moreover, any determination concerning its own jurisdiction, even though erroneous, is *res judicata* in a subsequent collateral proceeding. These principles apply even if the question of jurisdiction was not raised; and they apply to orders of the referee as well as those of the judge.

"Of course, in every case, the issue of jurisdiction may be raised by proper direct attack in the

district court or on appeal." (Footnotes eliminated.) 1 Collier, Bankruptcy, (14th ed, 1956) § 2.05, p. 146.

"Taking cognizance of the proceedings pending in the bankruptcy court, it is clear that the state court was and is without jurisdiction in this case. * * *" *Bernards v. Beck*, 1941, 167 Or 178, 182 115 P2d 329.

■■ Plaintiffs argue that they were attempting to enforce an equitable lien and cite cases which hold that the bankruptcy court will not necessarily interfere with state court actions to enforce liens pending at the time the petition for bankruptcy is filed. Assuming, without deciding, that plaintiffs were attempting to enforce a lien the amended complaint by which they attempted to claim a lien was not pending when the bankruptcy petition was filed. Further, it was for the bankruptcy court to decide if it or the state court had jurisdiction. *Engelbrecht v. Wildman*, 268 F2d 133, (9th cir, 1959); 1 Collier, Bankruptcy, supra, § 2.06; Sloan, Procedural Effect of 1952 Amendment to Section 2a(7) of the Bankruptcy Act, 28 J of Nat'l Ass'n of Ref 32, 1954.

"* * * Under the law, on that date [of adjudication] the bankruptcy court acquired jurisdiction of all property, including choses in action, possessed by the bankrupt or to which he had a right of possession. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S. Ct. 628, 84 L.Ed. 876. This is so despite the existence of any liens on such property; indeed the bankruptcy court acquires jurisdiction for the very purpose of determining the validity of any liens asserted against such property, and making distribution of such property provided by law. * * *" *Northeast Clackamas C E Coop. v. Continental Gas Co.*, 140 F Supp 903, 904 (D C Or, 1955).

■ Plaintiffs also contend that in subsequent proceedings in the circuit court of Multnomah county in

the case between defendant and Drytrans, Inc. defendant consented to the jurisdiction of the trial court in this case. It is not at all clear from the record that defendant did consent to the jurisdiction of the trial court to proceed with this case. But if he did the jurisdiction of the court in this respect cannot be gained by consent. *SUCC v. Bates,* decided May 24, 1961, 227 Or 357, 362 P2d 321. And the same case again states the rule that a court cannot proceed further when, at any time, it appears that jurisdiction is wanting. Thus, the trial court in this case should have declined to act further when it first appeared by the plea in abatement and later on the face of the amended complaint that the bankruptcy court had assumed jurisdiction of the subject matter of this case. Plaintiffs were then required to have challenged the jurisdiction of the bankruptcy court in that court, not in the circuit court, or to have sought relief in the bankruptcy court, or to have moved that court to relinquish jurisdiction to the state court. The state court could not have assumed jurisdiction without the consent of the bankruptcy court. In a proper case consent will be ordered. *Thompson v. Magnolia Co.,* 1939, 309 US 478, 60 S Ct 628, 84 L Ed 876; 1 Collier, Bankruptcy, supra, § 2.07.

In *Udall v. Mason,* 1942, 112 Vt 416, 419, 26 A2d 101, the court had for consideration a proceeding similar to this one. That is, the plaintiff, Udall, originally filed an action at law to recover certain moneys alleged to be due from defendant. The defendant, as in this case, was thereafter adjudicated a bankrupt. The plaintiff then attempted to amend his pleading, as in this case, and assert an equitable lien on certain funds alleged to have been in existence for the benefit of defendant. The nature of defendant's rights in the funds and of plaintiff's claim to them

was also similar to the facts in this case. The Vermont court, relying on *Isaacs v. Hobbs Tie & T. Co.*, 1930, 282 US 734, 51 S Ct 270, 75 L Ed 645, 17 Am Bankr R(ns) 273, and other decisions of the Supreme Court that the bankruptcy court had jurisdiction of the bankrupt's estate to the exclusion of all other courts, held:

> "* * * What this plaintiff could not do directly he could not do by indirection. He could not, without permission of the bankruptcy court, by amendment subsequent to the filing of the bankruptcy petition, engraft a proceeding for enforcing his claimed lien upon his pending action in assumpsit, which was inappropriate for such enforcement and contained no suggestion of an attempt to enforce a lien. He could not, after bankruptcy intervened, pervert the original action to other and different uses making substantially new litigation. * * *" 112 Vt 419.

The trial court held that the assignment created an interest in any money that defendant may have been entitled to recover in his action against Drytrans, Inc. The court then found that to that extent the fund was not an asset of the bankruptcy estate. The mistake of that holding is simply that after adjudication it was within the jurisdiction of the bankruptcy court, not the state court, to decide, in the first instance, if there was an asset in existence, some part or all of which was in the possession of the bankrupt on the date of adjudication, which should have been administered for the benefit of all creditors. Or, if it was an asset, did plaintiffs' asserted lien thereon entitle plaintiffs to have the asset set aside to them to the exclusion of other creditors. And, fundamentally, of course, it was for the bankruptcy court to decide if defendant owed anything to plaintiffs. The Bank-

ruptcy Act afforded plaintiffs the process to have these matters decided expeditiously and judicially.

The power and purpose of the bankruptcy court to marshal, assess and distribute the actual or potential assets of the bankrupt would be futile indeed if other courts could claim and hold jurisdiction of such assets during the pendency of the bankruptcy proceedings. That was not the intent of the Bankruptcy Act. *Northeast Clackamas C E Coop. v. Continental Gas Co.,* supra, 140 F Supp at 905.

"* * * In every case the bankruptcy court has power, in the first instance, to determine whether it has the actual or constructive possession which is essential to its jurisdiction to proceed." *Harris v. Brundage Co.,* 1938, 205 US 160, 59 S Ct 131, 83 L Ed 100, 102, 38 Am Bankr R(ns) 85; *Isaacs v. Hobbs Tie & T. Co.,* supra; *Taubel, etc., Co. v. Fox,* 1924, 264 US 426, 44 S Ct 396, 68 L Ed 770; *In re Patrick,* 194 F2d 750, (7th Cir, 1952); 2 Collier, Bankruptcy, § 23.07, p. 506.

"Supreme Court decisions have now made it clear that the bankruptcy court has power in the first instance to determine whether it has jurisdiction to proceed. * * *" 1 Collier, Bankruptcy, supra, § 2.05.

When the plea in abatement first directed the trial court's attention to the jurisdiction asserted by the bankruptcy court it was the duty of the court to stay or dismiss the proceeding then pending before it and relegate the parties to the proper forum. Particularly, the trial court should not have permitted the amended complaint to have been filed. It should also be mentioned that at the beginning of the trial of this case defendant objected to the introduction of any evidence

in respect to the allegations of the amended complaint. One of the reasons assigned for the objection was the proceedings in the bankruptcy court. That objection should have been allowed. *Bernards v. Beck,* supra, 167 Or 181; *Udall v. Mason,* supra, 112 Vt 416.

We are compelled to remand the cause with directions to dismiss the amended complaint. Neither party shall recover costs.