# State of New York
# Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to
revision before publication in the New York Reports.

No. 14
Herkimer County Industrial
Development Agency,
      Appellant,
    v.
Village of Herkimer,
      Respondent,
et al.,
      Defendant.

Charles W. Malcomb, for appellant.
Michael J. Longstreet, for respondent.

MEMORANDUM:

The order of the Appellate Division, insofar as appealed from, should be reversed,

with costs, judgment granted in plaintiff's favor in accordance with this memorandum, and

the certified question answered in the negative.

- 1 -

In this declaratory judgment action, brought by Herkimer County Industrial Development Agency (plaintiff), the Village of Herkimer, through a counterclaim, seeks a judgment declaring that plaintiff is personally liable to the Village for certain unpaid water rents. The bills were incurred by a manufacturer that was plaintiff's tenant pursuant to bond financing sale-and-leaseback transactions. Plaintiff seeks dismissal of the counterclaim and a declaration that it is not personally liable for the water rents. Judgment should be granted in plaintiff's favor.

The Water Department Rules and Regulations of the Village of Herkimer, on which the Village relies, do not authorize a claim against plaintiff for personal liability upon nonpayment of water rents. To the extent the Rules and Regulations determine the Village's remedies for unpaid water bills, they refer to "a lien on the premises where the water is used" (Rule No. 8; *see also* Village Law § 11-1118 [providing that unpaid water rents constitute a lien on real property]) and to shutting off water supply, upon notice (*see* Rule No. 9; *see also* Village Law § 11-1116 [providing that a village may enforce observance of its water use rules and regulations by cutting off water supply]). The Village points in particular to Rule No. 22, but that provision, which is contained in a section regulating how water meters are used to register consumption, does not impose an additional remedy for nonpayment.

The Village's reliance on *Dunbar v City of New York* (177 App Div 647 [1st Dept 1917], *affd* 223 NY 597 [1918], *affd* 251 US 516 [1920]) is misplaced. *Dunbar* held that a landowner's consent to the supply of water to a tenant "must be deemed to be made with a view to the existing law" (*id.* at 649). Here, the law applicable to the subject property

provided for a lien upon the real property, and not personal liability by the owner. *Dunbar*, therefore, does not support the Village's assertion that plaintiff is personally liable.

For these reasons, we conclude that plaintiff is not liable for the unpaid water rents. We need not reach, and take no position on, plaintiff's alternative argument that it possessed only a nominal, non-beneficial ownership interest in the property that was so limited as to defeat any claim of personal liability for the water rents.

Order insofar as appealed from reversed, with costs, judgment granted in plaintiff's favor in accordance with the memorandum herein and certified question answered in the negative. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia and Wilson concur.

Decided March 25, 2021